## WILLIAMS v. PENICK–HUGHES CO.
### No. 12407.

Court of Civil Appeals of Texas. Fort Worth.
Jan. 31, 1931.

Rehearing Denied Feb. 7, 1931.

Davenport & Crain, of Wichita Falls, for appellant.

Mathis & Caldwell, of Wichita Falls, for appellee.

BUCK, J.

Penick-Hughes Company, a corporation, sued L. Garrison, G. C. Hollis, both of whom

were alleged to reside in the state of Oklahoma, and Curg Williams, alleged to reside in Gray county, Tex., doing business in the name of City Tinners & Plumbers at Hollis, Okl. Plaintiff alleged that on or about June 10, 1926, for a valuable consideration, the defendants delivered to plaintiff one certain promissory note, dated June 10, 1925, in the sum of $463. That said note was entitled to a credit of $45, paid March 24, 1927. That said note was now past due and unpaid; and that defendants were partners doing business in the name of the City Tinners & Plumbers, and were legally liable to plaintiff for the amount of said note, with interest and attorney's fees, and that they had refused to pay said note, or any part thereof, to plaintiff's damage in the sum of $550.

Defendant Curg Williams answered by a general demurrer, and a sworn plea that the note mentioned in plaintiff's petition was not signed or executed by him, nor by any person authorized by him to sign or execute it for him; that said instrument in writing was made without defendant's knowledge or consent, and that he has never at any time ratified or confirmed the same.

In answer to this plea of non est factum, the plaintiff by a supplemental petition alleged that it had had dealings with the City Tinners & Plumbers of Hollis, Okl., a partnership composed of Curg Williams, L. Garrison, and G. C. Hollis, and that during said period of time, prior to the date of the note, Curg Williams held himself out and permitted himself to be held out as a partner owning one-third interest in said business in which each of the defendants were equal partners; that during said long period of time, plaintiff, relying upon said representations, at various times sold quantities of merchandise to said copartners and extended substantial credit, which plaintiff would not have done except for the representations made by Curg Williams, and the other parties above named; that he (Curg Williams) was a member of said partnership and that defendant Curg Williams represented to this plaintiff and to the public that he was a partner in said business, and allowed himself to be so held out and represented by the other members of said partnership. That prior to the time of filing this suit, plaintiff had no notice of any kind or character that said partnership had been dissolved; that at the time of making the partnership note herein sued on, to wit, June 10, 1926, defendant L. Garrison, manager of said partnership, represented to plaintiff that said partnership was still operating, and that said Williams was still a partner therein, and that said representations were in writing. It was further denied that plaintiff had been given any character of notice of any dissolution of said partnership. It was further alleged that the partners had failed

to comply with the laws of the state of Texas and of the state of Oklahoma with regard to dissolution of partnership, and particularly that the said defendant Williams failed and refused to comply with said laws, and for this reason is liable to plaintiff for the full amount of said copartnership note.

Defendant Curg Williams by a supplemental answer alleged that on November 15, 1925, he withdrew from the partnership with L. Garrison and G. C. Hollis. That at the time he withdrew he notified all the creditors of said partnership and notified the plaintiff Penick-Hughes Company by giving notice to W. H. Knight, a traveling salesman for Penick-Hughes Company.

The case was submitted to a jury upon special issues, and the jury found (1) that the partnership of the City Tinners & Plumbers of Hollis, Okl., composed of Curg Williams, L. Garrison, and G. C. Hollis, was never dissolved prior to June 10, 1926; (2) that the notice of said dissolution, if there was a dissolution of said partnership, had not been given to W. H. Knight, a salesman of Penick-Hughes Company; (3) that defendant Curg Williams held himself out or permitted himself to be held out to Penick-Hughes Company as a partner in the City Tinners & Plumbers of Hollis, Okl., after November 15, 1925, in order to secure credit for said partnership from Penick-Hughes Company.

Upon this verdict the court rendered judgment for plaintiff and against Curg Williams; L. Garrison and G. C. Hollis, not having been served with citations, were dismissed with their costs.

From this judgment the defendant has appealed.

## Opinion.

The first assignment of error complains that: "The jury received other evidence after the testimony had been closed by both sides and after the court had delivered his charge, which evidence came from two members of the jury who related their experiences with a partnership with which they had been connected and compared the facts in their case to the facts in the instant case to the injury of the defendant."

The second assignment reads: "The jury did not receive the law from the court but relied on statements from members of the jury as to what the law is and should be."

Bill of exception No. 1, complaining of this alleged error, is quite lengthy and sets out at length the testimony on the motion for rehearing. Mr. H. G. Birdwell was a witness, and testified that the jury found that the partnership had been dissolved, that is, some did, and some of the jurors voted that it had not been dissolved, but that he voted that it had been dissolved. That it was argued that, if one desired to withdraw from a

partnership, he had to file a notice with the county clerk and have the notice of dissolution published in the paper and served by registered mail; that Mr. Carrell, foreman of the jury, stated that he had a similar experience and had to pay off an account due by the old partnership, that is, he said, practically the same way as was being required of Curg Williams. All of the jurors testified, and practically all of them stated, that conversations to the effect as testified by Birdwell had been made by two of the jurors; that Mr. Carrell stated he did not believe. a partner could dissolve a partnership without the consent of the other partners; that he was at one time a partner in some lots, and that he had to pay an indebtedness created after he had attempted to dissolve the partnership, or at least after he had left the partnership business.

The court did not define what constituted a partnership and did not expressly instruct the jury as to the statutory method of a dissolution of a partnership.

Article 6132, Rev. Civ. Statutes, reads: "No dissolution of such partnerships by the acts of the parties shall take place previous to the time specified in the certificate of its formation, or in the certificate of its renewal, until a notice of such dissolution shall have been filed and recorded and published once in each week for four weeks in a newspaper printed in each of the counties where the partnership may have a place of business, if there be such papers, and if there be no newspapers published in such county, then in a newspaper published in the nearest county where there is one."

■ Curg Williams testified that he notified W. H. Knight, the traveling representative of the plaintiff corporation, of his purpose to leave the partnership and go to McLean, Gray county; while R. E. Penick, the treasurer and manager of Penick-Hughes Company testified that when he entered the firm the members and owners of the partnership were L. Garrison, Curg Williams, and Tom Hollis. That this partnership lasted only a short time and G. C. Hollis bought out the interest of Tom Hollis, and that Curg Williams and L. Garrison continued as partners with him. That Mr. Knight never told him that Curg Williams had withdrawn from the partnership in 1925, when Knight was working for the corporation, at the time it was alleged the partnership was dissolved in 1925. That it was a part of Knight's duty at that time to report any changes in the partnership of firms buying from the plaintiff. We are of the opinion that, if the conversation between Williams and Knight occurred as related by Williams, notice to Knight of the dissolution was constructive notice to the plaintiff corporation, in the absence of proof by plaintiff, that he did not have authority to bind the plaintiff.

In Bonnet v. Tips Hardware Co. (Tex. Civ. App.) 59 S. W. 59, it is said, quoting from the headnotes: "Defendant withdrew from a partnership, his former partner continuing the business in the firm name. The latter bought goods from plaintiff on the firm's credit, and subsequently gave a note in the firm name, in settlement of the account, receiving a written statement of the same at the time. The statement contained an indorsement by plaintiff's agent, made previous to the execution of the note, that the court had decided in certain cases that only the partner continuing the business was responsible. Held, in an action on the note, that plaintiff was charged with constructive notice of the previous dissolution of the firm, and defendant was not liable."

■ A partner who retires from the firm is not liable on a firm note subsequently executed to a payee having notice of the retirement. A partner, who retires from the firm, is liable to a creditor for the part of the account charged until notice of the retirement. Rodgers-Wade Furniture Co. v. Wynn, 156 S. W. 340, by the Amarillo Court of Civil Appeals. One seeking to recover against a retiring partner must establish that he knew at the time of the transaction that a partnership existed, of which the one sought to be held liable was a member; that he was in ignorance of any dissolution; and that he entered upon the transaction or extended credit in reliance upon the partnership as it had theretofore existed. Thompson v. Harmon, 207 S. W. 909, by the Commission of Appeals.

Mr. Penick testified that plaintiff did not have a note signed by Williams and did not have any financial statements as to who the members of the partnership were that were signed by Williams; that he had never represented to the company that he was a member of that partnership; that he was most certainly positive that Mr. Knight did not report that Williams had withdrawn from the partnership in November, 1925. That the firm was a corporation and Knight was working for the corporation at the time. Knight did not testify.

Appellee urges that assignments 1 and 2 should not be considered by the court because said propositions are not in compliance with the briefing rules, in that each of said propositions is a mere abstract statement of law, and that each is vague and indefinite, complaining of many diverse matters in one proposition, and does not, as required by rules 30 and 31, state immediately and briefly the question in the case so as to acquaint the court at once with the question of error made. Appellant claims that it was within the dis-

cretion of the court to set aside the verdict on account of misconduct of the jury, and appellate courts do not disturb the verdict, where the trial court has refused a new trial for misconduct of the jury, unless the court has abused the discretion reposed in it by statute. He cites such cases as M., K. & T. Ry. Co. v. Andrews Lumber Co. (Tex. Com. App.) 206 S. W. 823; Green v. Enen (Tex. Civ. App.) 270 S. W. 929, writ of error dismissed for want of jurisdiction; Jones v. Railway (Tex. Civ. App.) 210 S. W. 749.

While some of those decisions support appellee's contention that it was a matter of discretion of the trial court to overrule the motion for new trial, yet in later decisions a stricter rule has been adhered to by the Supreme Court.

■■ In Bell v. Blackwell, 283 S. W. 765, Justice Speer writing the opinion, and many other cases citing it, the Commission of Appeals held that error requires reversal if there is any reasonable doubt of its harmful effect, unless it affirmatively appears from the record that error was harmless. Since error requires reversal if there is any reasonable doubt of harmful effect, finding of actual prejudice is not necessary to authorize reversal.

■■ We conclude that it was unauthorized for the jurors to discuss questions involving the experience of certain of the jurors, and further conclude that the discussion showed probable error. Therefore propositions 1 and 2 are sustained.

■ In an effort to convince the jury that Williams was a member of the partnership at the time and subsequent to the time of the execution of the note, the plaintiff offered in evidence certain purported financial statements which appeared to have been made to R. G. Dun & Co. by the City Tinners & Plumbers of Hollis, Okl. None of these statements was signed by the appellant Curg Williams. It appeared that either L. Garrison or G. C. Hollis had made the statements, that they were made out of the presence and hearing of Williams, and that he never did at any time know that such statements were made and neither authorized nor ratified them. It appears that such statements were made subsequent to the removal of appellant from Hollis, Okl., to McLean, Tex.

In the case of Bush v. Kellogg Co. (Tex. Civ. App.) 34 S. W. 1056, a statement made to R. G. Dun & Co. was introduced in evidence, counsel for appellant having previously agreed in writing that this evidence might be introduced. Therefore, the court held that there was no error in its introduction. By way of obiter dictum the court said that: "Without this agreement we are not prepared to condemn as erroneous the action of the court in admitting it. Morgan's denial of partnership was so at variance with the whole current of evidence that the court was not bound to accept as true his testimony that the report made to Dun's Agency had been made without his knowledge or consent."

We are of the opinion that the trial court in admitting the report to R. G. Dun & Co. should have instructed the jury that, if Curg Williams had in fact withdrawn from the partnership in 1925, and had notified W. H. Knight, in 1925, that he was withdrawing from the partnership firm, such evidence was not admissible as against appellant.

In Robinson v. First National Bank of Marietta, 98 Tex. 184, 82 S. W. 505, 506, Judge Gaines, speaking for the Supreme Court, said: "During the course of the trial one Kelly was permitted to testify to declarations made to him by defendant Saxon, when neither defendant Robinson nor defendant Hoskins was present. The testimony admitted was as follows: 'That in January, 1902, at Marietta, Ind. T., the defendant J. A. Saxon, in conversation with him, offered to sell him the interest of the defendants J. H. Robinson and W. A. Hoskins in the business at Marietta that was then being run under the name of Saxon, Pierce & Co., and stated to him that said Robinson and Hoskins were partners in said business.' We are of opinion that it was error to admit this testimony. Before the declarations were admitted testimony had been produced which tended to show that Robinson and Hoskins were partners of Saxon and Pierce. As a general rule, the declarations of one tending to show his partnership with another are not admissible for the purpose of showing such partnership."

Without the limitations by the court as suggested, we think the admission of this report to R. G. Dun & Co., made by one of the remaining partners and long after Curg Williams had attempted to withdraw from the partnership and had left the state, constituted error.

■ By proposition No. 6, to the effect that, where a party is sought to be held for partnership debts, and denies under oath that he is a member of said partnership at the time the debt was contracted, it is urged that it was error to permit the witness M. B. Smith, who was an employee of Penick-Hughes Company, to testify that the defendant Curg Williams was a partner with L. Garrison and G. C. Hollis, doing business as the City Tinners & Plumbers of Hollis, Okl., in 1926, the witness further stating that he had no personal knowledge of said matter, and that his testimony that Williams was a partner was based upon reports which he had received from R. G. Dun & Co., and what salesmen for Penick-Hughes Company had told him. We think that the testimony shows that his information came from hearsay sources.

During the trial G. C. Hollis was permitted to testify that the note plaintiff had been sued on was a note signed by L. Garrison and given in payment for material and merchandise purchased by Hollis and Garrison while operating as City Tinners & Plumbers of Hollis, Okl. The defendant objected to the admission of this testimony, on the ground that it was no issue for the consideration of the court, and that the only issue in said suit was whether or not defendant Williams was liable on the note as being a member of said partnership. Appellant urges that the admission of the testimony tended to prejudice his right and make it appear that he was attempting to avoid paying an honest debt. While the testimony was probably not admissible, yet we think no harm was done in admitting it.

We have examined the other assignments of error and conclude that it is not necessary to discuss them, as we think what has already been said in a large measure disposes of the alleged errors.

For the reasons stated, the judgment will be reversed, and the cause remanded for a new trial, and it is so ordered.