**BELL et al. v. OLIPHANT.**

No. 2149.

Court of Civil Appeals of Texas. Beaumont. Dec. 30, 1931.

Rehearing Denied Jan. 13, 1932.

Curtis W. Fenley, J. J. Collins, and R. W. Fairchild, all of Lufkin, for appellants.

W. J. Townsend, of Lufkin, for appellees.

WALKER, J.

This was a suit by appellees, holding under L. S. Bell, against Louie Bell and W. T. (Tom) Dominey, to cancel a written lease under which L. S. Bell leased to Louie Bell for a period of ten years from January 1, 1926, two certain tracts of land in Angelina county, Tex. Appellees also pleaded in trespass to try title. Under the terms of the lease, from January 1, 1926, to January 1, 1930, Louie Bell was to pay no rent, but, as a consideration for the use of the land, was to fence it sufficiently to turn stock and to erect thereon two tenant houses, with the understanding that these improvements were to become fixtures on the land. From January 1, 1930, to the end of the lease, the lessee was to pay to the lessor each year one-third of all corn and one-fourth of all cotton raised on the leased premises, without cost to the lessor. The lessor was not to be responsible for damages to growing crops caused by insufficient fencing, but the lessee was to keep the fences in good repair and at the expiration of the lease period surrender the improvements to the lessor in reasonably good repair. The lessee was given the right to work tenants on the land, but it was expressly provided that "this lease shall not be subject to transfer at"

any time, without the written consent of the said L. S. Bell." It was further agreed that the lessee was to put all of the land into a state of cultivation by the 1st day of January, 1936. The lessor was to have the right to sell the leased premises at any time after January 1, 1936. Louie Bell entered under this lease and remained in possession until June 5, 1929, when, in violation of the express terms of the lease, he sold his remaining term to his codefendant, Tom Dominey, and surrendered to him the possession of all the leased premises for the remaining lease period. In this contract between Louie Bell and Tom Dominey it was expressly provided that Dominey was to pay to L. S. Bell, or his heirs, one-third and one-fourth of crops grown on this place during the balance of the lease period. This sale of the lease was made by Louie Bell without the knowledge or consent of L. S. Bell, or any of the appellees, but they were informed of the sale soon after it was made and recognized Tom Dominey as their tenant in the fall of 1929 and all during 1930, and accepted from him rent for both years. As grounds for canceling the lease, appellees plead that appellants failed and refused to pay the rents and to maintain the fences as provided in the contract between L. S. Bell and Louie Bell, and also that the sale of the lease to Tom Dominey terminated the lease contract.

Appellants answered only by pleas of general demurrer and general denial.

Upon trial to a jury it was found that appellants failed and refused to pay the rents, as provided in the contract between L. S. Bell and Louie Bell, and that they failed and refused to maintain the fences, as provided in this contract. On this verdict judgment was entered canceling the lease. Other issues were pleaded by appellees but abandoned on the trial. The appeal is by both Louie Bell and Tom Dominey.

■ Appellants' only contention is that the verdict of the jury was tainted by misconduct in violation of article 2234, which provides that the trial court may grant a new trial where the jury has received other testimony than that lawfully introduced during the trial of the case. The assignment is that the jury "received other testimony" while deliberating on its verdict. This assignment must be sustained. The facts are that two of the jury, under the evidence adduced on the hearing of the motion for new trial, wanted to answer both questions submitted to them in the negative; that is, in favor of appellants. While the jury was deliberating on its verdict, and while these two jurors were thus refusing to agree with their brethren, one of the other jurors stated that he knew the leased premises, and that the defendants had not fenced the land in accordance with the contract. Both the jurors who were

standing out for appellants testified that they believed this statement by their brother juror, and agreed to answer the questions in the affirmative, that is, in favor of appellee, and but for this testimony would not have agreed to that verdict.

Appellees do not contest the proposition that the finding that appellants failed and refused to maintain the fences, as provided in the contract between L. S. Bell and Louie Bell, was vitiated by the additional testimony received by the jury during their deliberations, but insist that the answer to the other question sustains the judgment and that the misconduct of the jury in finding that appellants failed and refused to maintain the fences could not affect their answer that defendants failed and refused to pay the rents. This contention is denied. The two jurors who were influenced by the statements of their brother juror testified that they wanted to answer both questions for appellants and changed their answers as to both questions because of this statement. We gather from their testimony that this statement of their brother juror was considered by them as impeaching the testimony of the defendant Dominey. Thus, one of the jurors testified, referring to the fact that his brother juror had said the leased premises were not fenced according to the terms of the contract, "that, to some extent, tended to discredit the testimony of Mr. Dominey, who testified in the case."

■ Under the undisputed facts, the sale of his lease by Louie Bell to Tom Dominey was a violation both of the express provisions of the contract and also of article 5237, which provides that "a person renting said lands or tenements shall not rent or lease the same during the term of said lease to any other person without first obtaining the consent of the landlord, his agent or attorney." On this ground appellees, on conclusion of the evidence, moved for an instructed verdict, which was refused. They now insist that the court erred in refusing to instruct a verdict in their behalf, and that the judgment in their favor on the findings of the jury should be affirmed even if appellants' assignments constitute reversible error. There would be no merit to this proposition if appellants had pleaded ratification or estoppel against appellees, for on the undisputed facts appellees were estopped to assert this affirmative ground of cancellation. Appellees plead their cause of action first in trespass to try title and then by special allegations of the lease and its breach. The trial court seems to have construed appellants' answer as sufficient to sustain the introduction of the testimony on the issues that appellees had ratified the transfer of the lease to Dominey and were estopped to question his rights under this transfer; at least this testimony was

offered by appellants and received by the trial court without objection from appellees. With the record in this condition we do not believe the judgment should be affirmed on the ground that the court erred in refusing to instruct a verdict in favor of appellees.

For the reasons stated, the judgment of the lower court is reversed, and the cause remanded for a new trial.