## WALD TRANSFER & STORAGE CO. et al. v. RANDOLPH.

### No. 1287.

Court of Civil Appeals of Texas. Waco.

Dec. 8, 1932.

Rehearing Denied Jan. 19, 1933.

C. J. Andrews, of San Antonio, and Rogers & Rogers, of Marlin, for appellants.

Joseph W. Hale, George Clark, and E. B. Burleson, all of Waco, for appellee.

ALEXANDER, J.

W. A. Randolph brought this suit against the Wald Transfer & Storage Company and the Lloyds Casualty Company to recover dam-

ages for personal injuries sustained by plaintiff's wife in a collision between the car in which plaintiff's wife was riding and one of the trucks belonging to the Wald Transfer & Storage Company. The jury, in answer to certain special issues, found for plaintiff and fixed his damages at $12,500, and judgment was entered accordingly. The defendants appealed.

The appellants contend that the court erred in failing to grant a new trial on account of the misconduct of the jury. There was evidence in the case tending to show that Mrs. Randolph, as a result of the collision, received a severe injury to her back and as a result thereof, continuously since such accident, has been compelled to wear a cast around her body for the purpose of bracing her back. Some of the physicians as experts testified that she would never recover and that it would be necessary for her to continue to wear the brace. Others testified that she would recover within a few months and would be able to discard the brace. The plaintiff was suing for permanent injuries to his wife and for her permanent incapacity to labor and earn a living. After the jury retired to consider its verdict, one of the jurors stated in the presence of four other jurors that he had a sister who was injured in her back in a fall which occurred some ten years previously, and that she was required to wear a brace and was still an invalid and a cripple and had to walk on crutches. The statement was made by the juror at a time when the jury was discussing the question as to whether Mrs. Randolph's injuries were permanent and before the jury had determined the amount of their verdict. Several other jurors testified that they heard the juror make the statement above referred to at the time the jury was discussing the question of whether Mrs. Randolph's injuries were permanent and the amount of the verdict to be awarded. One of the jurors testified that they first decided that Mrs. Randolph would recover within six months and later they changed their answer to twelve months.

■ It was, of course, improper for the juror to state in the presence of the other jurors while the case was under consideration that he knew of another case similar to the one under consideration in which the injured party had not recovered. This was in effect introducing new evidence before the jury. The appellants had no opportunity to cross-examine the juror nor to introduce evidence to disprove his statement or to explain the dissimilarity of the cases. Gulf, C. & S. F. R. Co. v. Young (Tex. Civ. App.) 284 S. W. 664, par. 18; Galveston, H. & S. A. R. Co. v. Brassell (Tex. Civ. App.) 173 S. W. 522, par. 5; El Paso Electric Co. v. Gambrell (Tex. Civ. App.) 292 S. W. 577, par. 2; Williams v. Pen-

ick-Hughes Co. (Tex. Civ. App.) 36 S.W.(2d) 1060, par. 7; Bell v. Oliphant (Tex. Civ. App.) 45 S.W.(2d) 334.

■ The general rule is that where improper evidence has been received by the jury after their retirement and it is reasonably doubtful whether or not such improper conduct affected the amount of the verdict or the decision of any other material issue, the verdict should be set aside. Moore v. Ivey (Tex. Com. App.) 277 S. W. 106; Southern Traction Co. v. Wilson (Tex. Com. App.) 254 S. W. 1104; Payne v. Harris (Tex. Com. App.) 241 S. W. 1008, par. 9; Casstevens v. Texas & Pacific R. Co., 119 Tex. 456, 32 S.W.(2d) 637, 73 A. L. R. 89; Twichell v. Klinke (Tex. Civ. App.) 272 S. W. 283; Sims v. Sims (Tex. Civ. App.) 296 S. W. 612; Morgan v. Maunders (Tex. Civ. App.) 37 S.W.(2d) 791.

■ We cannot say that the evidence heard on motion for new trial leaves it free from doubt that the verdict of the jury was not affected by the misconduct herein referred to. It is true that most of the jurors, if not all of them, testified that the statements made by the juror with reference to the condition of his sister did not affect their verdict and that they were fair jurors and decided the case on the evidence introduced on the trial. But as is generally known, testimony of jurors minimizing the effect of their misconduct is given very little weight in determining whether their verdict was affected thereby. City of Waco v. Rast (Tex. Civ. App.) 2 S.W.(2d) 563. The natural inclination is for the jurors to defend their verdict. The statement of the juror was made at the psychological moment when the jury had under consideration the question of whether or not Mrs. Randolph's injuries were permanent. It had the effect to prove or demonstrate to the jury that a person injured as Mrs. Randolph was, and requiring the treatment which had been prescribed for her, would not recover and that the experts who had testified to the contrary were mistaken.

■ We realize that it is very difficult to try a case without the consideration or discussion of some improper matters by the jury, and we are always loath to reverse a case for such misconduct; but if the jury trial is to be preserved and the jury is to serve its place in our judicial system, the jury must be kept within the bounds allotted to it. We believe that the misconduct of the jury herein set out requires a reversal of this case.

Numerous other errors are assigned, but as none of them will likely arise in the same manner upon another trial, we do not deem it necessary to discuss such assignments.

The judgment of the trial court is reversed, and the cause remanded for a new trial.