**Tom RICHARDSON et ux., Appellants,**

v.

**H. A. WALTERS, Appellee.**

No. 15884.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 21, 1958.

Rehearing Denied March 21, 1958.

Coleman & Whitten and Earl L. Coleman, Denton, for appellants.

Robert H. Caldwell, Jr., Denton, Harvey L. Davis, John F. Harrison, Dallas, for appellee.

MASSEY, Chief Justice.

Suit was one for damages on account of personal injuries. Plaintiff H. A. Walters was in the process of loading a truck when defendant Mrs. Tom Richardson negligently permitted the automobile being operated by her to come into collision with plaintiff, "pinning" him between the two vehicles. Upon a jury verdict in favor of plaintiff judgment was entered in his behalf. The defendants appealed.

Judgment affirmed.

Questions concerning the facts of the accident are relatively immaterial in this instance. The points of error are primarily devoted to the matter of damages.

Though one point relates to matter in the nature of contributory negligence under a rather unusual theory, it is to be noticed that the defense was not plead.

■ For clarification of discussion upon the matter of damages, we will copy Special Issue No. 37 as given in the court's charge, along with notations apparently made by some member of the jury to be found upon the face of the charge alongside said issue and paragraphs thereof. The notations will be italicized in order to distinguish them from the language of the charge and the jury's answer returned to the whole question thereby posed.

"Special Issue No. 37:
"From a preponderance of the evidence, what amount of money, if any, if paid now in cash, would reasonably compensate the plaintiff, H. A. Walters, for the injuries, if any, suffered by him directly and proximately caused by the collision in question?

"In answering this Issue you are instructed that you may take into consideration the following matters and elements as you find are established by the preponderance of the evidence, and none other.

*$350* "(a) Suffering and physical pain, if any, as you may find from a preponderance of the evidence that H. A. Walters has suffered in the past, from the time of his injuries, if any, and up to the day of this trial, as a direct and proximate result of the injuries, if any, sustained by him upon the occasion in question;

*None* "(b) Such mental anguish as you may find from a preponderance of the evidence that H. A. Walters has suffered in the past, from the date of the injuries, if any, and up to the time of this trial, as a direct and proximate result of the injuries, if any, sustained by him on the occasion in question.

*None* "(c) The reasonable cash value of his loss of earnings and capacity to labor, if any, in the past, from the time of the injuries, if any, and up to the date of the trial, resulting directly and proximately from the injuries, if any, sustained by him on the occasion in question.

"And if you further believe from a preponderance of the evidence that H. A. Walters has not entirely recovered from his injuries, if any, sustained by him on the occasion in question, then also:

*None* "(d) The reasonable present cash value, if any, of the physical pain, if any, as you may find from a preponderance of the evidence he will in reasonable probability suffer in the future, and beyond the date of this trial, as a direct and proximate result of the injuries, if any, sustained by him on the occasion in question.

*None* "(e) The reasonable present cash value, if any, of the mental anguish, if any, as you may find from the preponderance of the evidence that he will in all reasonable probability suffer in the future, and beyond the date of this trial, as a direct and proximate cause of the injuries, if any, sustained by him on the occasion in question.

*$12,500* "(f) The reasonable present cash value, if any, of his diminished capacity to labor and earn money in the future, if any, if you believe from a preponderance of the evidence that his capacity to labor and earn money will, in reasonable probability be diminished in the future and beyond the date of this trial as a direct and proximate result of the injuries, if any, sustained by him on the occasion in question.

"Answer in dollars, if any, and cents, if any.

"Answer: $12,850"

The defendant filed objections and exceptions to the court's charge to the jury, but did not object to Special Issue No. 37. Of course, when the charge was returned by the jury with answer finding the damages inquired about by the issue at $12,850, plus the unerased notations alongside the paragraphs thereof, the defendant concluded that the notations, when taken into consideration along with the amount set forth as the answer, established that the jury arrived at such answer by adding the sum of $350 (on account of suffering and physical pain experienced by the plaintiff up to the time of the trial) and $12,500 (the reasonable cash value of plaintiff's diminished capacity to labor and earn money in the future). We are of the opinion that the notations tend to warrant the conclusion arrived at by defendant, but we are of the further opinion that as evidence it is not such as constitutes in and of itself proof to be given cognizance by the court. Furthermore, we are of the opinion that if it should be given consideration as evidence, it would certainly not amount to conclusive proof that the jury, as a part of its unanimous act, arrived at its answer by adding the two sums together.

We note that one juror was summoned and testified during the course of the hearing conducted upon the motion for new trial. No part of the interrogation of the juror related to the matter of the means whereby the jury (as an entity) arrived at the answer to Special Issue No. 37. Therefore, the notations alongside the various paragraphs of the issue are, in and of themselves, the only matter which in any way tend to reflect upon the question under consideration. The case differs from that of H. J. Heinz Company v. Ashley, 1956, Tex.Civ.App., Galveston, 291 S.W.2d 427, only in that there the jurors were polled upon its answer. From what we have already said, it follows as a matter of course that there is no proof of exactly which elements the jury took

into consideration in arriving at the answer it returned. We cannot speculate upon how the jury arrived at the answer, nor can we assume that it found damages as to some elements and none as to others, or that it found some damages as to each element.

By Point of Error No. 1 the defendant *assumes* that the verdict included a substantial sum for the present cash value of plaintiff's diminished capacity to labor in the future, and contends that the evidence was insufficient to show such with the degree of reasonable probability as to enable a jury to make the finding it returned. By Point of Error No. 2 the defendant *assumes* the same thing and contends that since under the pleadings proof should be limited to diminished capacity to "labor and earn money in the future * * * as 'an Ice Plant Manager'", the evidence was insufficient to sustain a jury finding. By Point of Error No. 3 the defendant *assumes* the same thing and contends that the trial court erred in rendering judgment upon the *answers* to Special Issue No. 37 because such *answers* are conflicting, ambiguous and uncertain.

Texas Rules of Civil Procedure, rule 272 provides in part that all objections not made to the court's charge prior to the reading of the charge to the jury are waived. T.R.C.P. 274 provides that where any complaint, as to an instruction, issue, definition or explanatory instruction, on account of any defect, omission, or fault in pleading, shall be deemed waived unless specifically included in the objection taken to the charge. We are of the opinion that when we disregard any unwarranted assumption, viewing instead the issue as a whole along with the proof in the record bearing upon it, there is no question but what the evidence was amply sufficient to support the damages found by the jury in its answer to Special Issue No. 37. Furthermore, and in view of T.R.C.

P. 274 and the abundance of evidence supporting the submission of paragraph (f) of such Special Issue, we would be of like opinion, even if we should lend credence to the *assumptions* made by the defendant. Points of Error Nos. 1, 2 and 3 are overruled.

■ By his Point of Error No. 4 the defendant advances a rather unique contention. The plaintiff was the superintendent of the ice plant premises at which he sustained the injuries sued upon. The injuries were sustained during the process of loading ice at premises where plaintiff's employer had negligently failed to provide adequate loading facilities. One of the theories under which the defendants had conducted their defense was that such constituted the sole proximate cause of plaintiff's injuries. The jury found the fact of the employer's failure and that such was negligence, but found that such negligence was not the sole proximate cause. In view thereof, the defendant advanced the contention that despite the jury findings the state of the evidence was such that the negligence of plaintiff's employer amounted to a proximate cause, and that since plaintiff was his employer's superintendent in charge of the premises, he was chargeable with his employer's negligence. Hence, defendant contends, plaintiff was contributorily negligent and he is not entitled to recover.

We must overrule the point. We do not need to consider the merit, if any, to the contention advanced. Defendant did not plead the proposition as a defense, nor did he either request issues submitting the defense or object because of the failure on the part of the trial court to submit it in the charge. T.R.C.P. 94 requires that any such defense be plead; otherwise it is waived.

■ By Point of Error No. 5 defendant advances jury misconduct as a ground

for reversal. He contends that juror Kerbow stated to the jury during the course of its deliberations and before they had agreed upon the answer to Special Issue No. 37 that he had received an injury to a disc while in military service; that it "showed up" at a later date; that the Government recognized that the injury was service connected; that the Government doctors considered that the results to be expected from operative procedure had only a 50% chance of being favorable, etc. Defendant asserts that it was error in that a juror should not bring before a jury circumstances of a case similar to that under consideration, and wherein the injured party had not recovered, under the decision in the case of Wald Transfer & Storage Co. v. Randolph, 1932, Tex.Civ.App., Waco, 56 S. W.2d 197, writ dismissed.

The decision in the Wald case antedated the effective date of T.R.C.P. 327 and 434. The burden imposed by these rules is cast upon a complaining party, who is obliged to prove by a preponderance of the evidence that misconduct in fact occurred and that such was material misconduct which probably resulted in injury, i. e., that the jury was probably thereby persuaded to return a verdict other than that which it would have returned had the misconduct not occurred. Barrington v. Duncan, 1943, 140 Tex. 510, 169 S.W. 2d 462; Holt v. City of San Marcos, 1956, Tex.Civ.App., Austin, 288 S.W.2d 802, writ refused, n. r. e.; Mrs. Baird's Bread Company v. Hearn, 1957, Tex., 300 S.W. 2d 646. In this instance, defendant has failed to discharge this burden. Indeed, the record is such that the presumed finding that the misconduct complained of did not occur, or if it did that it was not material, finds adequate support in view of defendant's failure of proof. The point is overruled.

Judgment is affirmed.