## TRADERS & GENERAL INS. CO. v. BOYD.

### No. 3724.

Court of Civil Appeals of Texas. El Paso.
Oct. 13, 1938.

Rehearing Denied Nov. 3, 1938.

Dan P. Johnston, and Lightfoot, Robertson & Gano, all of Fort Worth (E. B. Robertson, of counsel), for plaintiff in error.

Morgan & Morgan, of Greenville (J. Benton Morgan, of Greenville, of counsel), for defendant in error.

NEALON, Chief Justice.

This is a workman's compensation case. We shall refer to the parties as they were designated in the District Court. Plaintiff, Joe Boyd, sued defendant, Traders & General Insurance Company, which was the compensation carrier for Boyd's employer, Hal C. Horton, who operated a grain and feed mixing mill and wholesale grocery and feed store in the City of Greenville, Texas. He alleged and proved that his employer had no toilet upon the premises where he conducted his business and where plaintiff was employed; that on the morning of December 15, 1936, during the hours of plaintiff's employment and while he was at work it became necessary for him to use a toilet; that the employees of Horton, with the latter's consent, acquiescence and approval, resorted, when necessary, to three toilets located in the neighborhood, one being at the rear of the Gulf Filling Station of which J. D. Luna is manager; that it was to this one that plaintiff resorted, after reporting at the office of his employer that he was going to do so; that his employer had instructed employees to inform the owners of toilets being used whenever the same were out

464

of order, and that the one at the Gulf Filling Station upon the occasion in question was out of order, and that while he was in Luna's office reporting the condition to him, a deputy sheriff, whose custom it was to oil his gun at said station, at which were sold lubricating oils of a quality used in lubricating fire-arms, was in the act of unloading a shot gun when a shell exploded and buck shot therefrom struck and injured the plaintiff permanently; that he was totally and permanently disabled as a result thereof; that he had worked more than three hundred days during the preceding year in the same employment in which he was working when injured at a daily wage of $3.50 per day, and that appellant carried the compensation insurance of Horton. Plaintiff prayed for compensation based upon his average weekly wage and for a lump sum recovery.

Defendant demurred generally and answered by general denial.

The cause was submitted to a jury upon special issues, which found, upon sufficient testimony, that Horton's employees had used the Gulf Filling Station toilet for several years, as alleged, with the knowledge, acquiescence and consent of Horton; that plaintiff had been using it for a long period of time prior to his injuries and while working for Horton; that Horton had instructed his employees to notify the proprietor in event the toilet was out of repair; that plaintiff had used the toilet just before his injury and after such use had gone into the service station to notify the proprietor that the toilet was out of repair and needed attention; that he was injured by the discharge of a gun in the hands of a person in said station; that he had worked for Horton three hundred and forty-three days during the year next preceding the date of his injury; that he suffered total incapacity to labor as a result of his injuries; that such total incapacity was permanent, and that manifest hardship and injustice would result if a lump sum settlement were not made.

The court entered judgment in favor of plaintiff and against defendant for $3,704.01, representing total and permanent disability for three hundred and sixty weeks. The amount of plaintiff's average weekly wage was arrived at by multiplying his daily wage by three hundred and dividing the result by fifty-two. Defendant's motion for a new trial was overruled and thereafter in due time defendant filed its pending petition for writ of error.

## Opinion.

█ Plaintiff in error under four propositions briefs its assignment complaining of the action of the court in refusing and failing to sustain defendant's general demurrer, in refusing to grant its motion for an instructed verdict, and in refusing to grant its motion for judgment non obstante veredicto. These assignments are predicated upon the theory that at the time plaintiff was injured he was not engaged in some work having to do with and originating in the work, business, trade or profession of his employer; or, in any event, that a question inquiring as to whether he was so engaged at the time should have been submitted directly to the jury. We think these assignments are lacking in merit. Under the undisputed evidence Boyd was the employee of Horton and when he resorted of necessity to the toilet operated by the Gulf Filling Station, he was working in the course of his employment. He suspended the particular work of necessity during his short absence from the premises. He reported at the office of his employer that he was going to the Gulf Filling Station, having previously sought to use a toilet located upon the Humble property and finding the enclosure surrounding it closed and locked. He did not engage in any undertaking personal to himself other than as noted and to take a drink of water before leaving the Gulf Station. This undisputed testimony together with the evidence upon which the jury's findings were based, all of which was in conformity with plaintiff's pleadings, constitute a sufficient answer to the contentions of plaintiff in error under the propositions mentioned.

We find the following rule stated in Texas Jur., Vol. 45, p. 511:

"Acts essential to the life, comfort and convenience of the employee while at work, though strictly personal to himself and not acts of service, are incidental to the service, and injury sustained in their performance is deemed to have arisen out of the employment. The fact that the employee is human is necessarily taken into consideration."

We concur in the reasoning of the New Jersey Court of Appeals in the case of Zabriskie v. Erie Railroad Company, 86 N.J.L. 266, 92 A. 385, L.R.A.1916A, p. 317.

Zabriskie was injured on a public street while upon a mission similar to that undertaken by plaintiff in the present case. As against the contention that his injury did not arise out of his employment, but was a hazard of the highway, and that he was engaged on his own business, the Court said [page 386]:

"It was not the danger of an ordinary member of the public crossing a street on his own business, but was the subjection of the employé to that danger by the conditions of his employment. The fact that the accident may have been, and probably was, due to the negligence of the driver of the automobile, and perhaps also to the contributory negligence of the deceased, tends to cloud the issue, but does not differentiate the situation from that of any workman who is required in the performance of his work to go into a dangerous place and incur the dangers connected with that place."

This case was cited with approval by Mr. Justice Greenwood, of the Texas Supreme Court, in the case of Lumberman's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 246 S.W. 72, 28 A.L.R. 1402, in which opinion the facts of the cited case were summarized as follows [page 74]:

"Zabriskie, who was struck by an automobile on a principal street in the city of Paterson and thrown on a railroad track, where he was again struck by a railroad train. He was going from where he was employed to a toilet intending to return from the toilet to resume his work. The toilet was habitually used by employees with the employer's acquiescence."

See, also, Parker v. Royal Indemnity Company, Tex.Civ.App., 59 S.W.2d 243, citing Taylor v. Hogan Milling Co., 129 Kan. 370, 282 P. 729, 66 A.L.R. 752.

In reporting the condition of the toilet, there is evidence sufficient to justify the jury's finding that Boyd was working under the orders of his employer, in which event there could be no question that he was injured while acting in the course of his employment. The accorded use of these various establishments by their proprietors was of interest to the employer, since they served a necessary purpose and enabled him to save the expense of constructing one on his own premises. The assignments challenging these rulings are therefore overruled.

Assignments complaining that the judgment was not supported by the pleadings and the evidence are overruled. The purport of the pleadings has been stated. There is no dispute as to the manner in which the injury occurred nor as to the lack of toilet facilities upon the premises, nor as to the fact that the one used was so used by Horton's employees with their employer's consent when they desired to use it, and had been used by Horton himself; and the evidence of plaintiff and·his wife and Dr. Whitten was sufficient to support a finding that the injury totally incapacitated Boyd from engaging in work, and that his incapacity would be permanent.

Plaintiff in error objected to the manner in which the issues of partial incapacity, temporary total incapacity, and permanent partial incapacity were submitted upon the ground that it was thereby deprived of its right to have these issues submitted unconditionally. The court submitted the issues of permanent incapacity and·total incapacity separately. It submitted the issues of temporary total incapacity, permanent partial incapacity, and temporary partial incapacity conditionally, the jury being instructed to return answers upon the following conditions: To the issue of temporary total incapacity in the event only that it found that the plaintiff was totally but not permanently incapacitated; to the issue of temporary partial incapacity in the event only that the finding was that plaintiff was not permanently totally incapacitated; and to the issue of permanent partial incapacity only in the event that it returned an affirmative answer to special issue No. 12, which inquired if the jury found that plaintiff would be partially incapacitated for any period of time after his total incapacity should end, No. 12 having been likewise submitted upon the condition that it was to be answered only in the event the jury found that plaintiff was not permanently incapacitated. The objections of plaintiff in error having been overruled, it assigns as error the court's action in this respect. The assignments complaining of the manner of submission must be sustained in deference to the authorities hereinafter cited. Northern Texas Traction Co. v. Thetford, Tex.Com. App., 44 S.W.2d 902, 903; Texas Ind. Ins. Co. v. Thibodeaux 129 Tex. 655, 106 S.W.2d 268; Texas Emp. Ins. Ass'n v. Phillips, Tex.Com.App., 107 S.W.2d 991; Id., Tex.Civ.App., 109 S.W.2d 1088; Southern Underwriters v. Stubblefield, Tex.Civ.App., 108 S.W.2d 557; Traders

466

& General Ins. Co. v. Milliken, Tex.Civ. App., 110 S.W.2d 108.

■ We hold that the failure to submit unconditionally the defensive issues mentioned was reversible error, the court nowhere else in its charge having submitted said issues unconditionally.

The court used a correct basis for calculating the average weekly wage of plaintiff, and assignments challenging its action in this respect are overruled. The undisputed evidence was that Boyd worked three hundred and forty-three days during the year preceding his injury, and that his daily wage was $3.50. It was not necessary to submit any question with respect to the average weekly wage, 'except the one regarding the number of days worked during the year preceding the injury.

■ Error is assigned to the refusal of the court to define the term "permanent" when used in connection with plaintiff's incapacity. . This refusal was not error. Employers' Casualty Co. v. Scheffler, Tex. Civ.App., 20 S.W.2d 833; Bishop v. Millers' Indemnity Underwriters, Tex.Civ. App., 254 S.W. 411; Lloyds Cas. Co. of New York v. Grilliett, Tex.Civ.App., 64 S.W.2d 1005, writ refused.

On account of the errors noted the judgment of the trial court is reversed and the cause remanded.