### TRADERS & GENERAL INS. CO. v. BOYD.

No. 12938.

Court of Civil Appeals of Texas. Dallas.

Nov. 30, 1940.

Rehearing Denied Jan. 11, 1941.

L. L. Bowman, Jr., of Greenville, and Lightfoot, Robertson, Gano & Johnston, of Fort Worth, for appellant.

J. Benton Morgan, of Greenville, for appellee.

LOONEY, Justice.

Joe Boyd, employed at Greenville, Texas, by Hal C. Horton, sued the Traders & General Insurance Company—insurance carrier—to set aside an award of the Industrial Accident Board and to recover compensation for injuries, alleged to have been received in the course of his employment. The Insurance Company appealed from an adverse judgment.

This is the second appeal; on the first, the case was transferred to the El Paso Court of Civil Appeals, and, for reasons hereafter stated, was reversed and remanded. See Traders & General Ins. Co. v. Boyd, 121 S.W.2d 463. In an opinion by Chief Justice Nealon, the El Paso Court gave a full statement of the nature of the case and, in order that it may readily be understood without referring to the report of the case, the statement made by Judge Nealon is reproduced, which is as follows: "This is a workman's compensation case. We shall refer to the parties as they were designated in the District Court. Plaintiff, Joe Boyd, sued defendant, Traders & General Insurance Company, which was the compensation carrier for Boyd's employer, Hal C. Horton, who operated a grain and feed mixing mill and wholesale grocery and feed store in the City of Greenville, Texas. He alleged and proved that his employer had no toilet upon the premises where he conducted his business and where plaintiff was employed; that on the morning of December 15, 1936, during the hours of plaintiff's employment and while he was at work it became necessary for him to use a toilet; that the employees of Horton, with the latter's consent, acquiescence and approval, resorted, when necessary, to three toilets located in the neighborhood, one being at the rear of the Gulf Filling Station of which J. D. Luna is manager; that it was to this one that plaintiff resorted, after reporting at the office of his employer that he was going to do so; that his employer had instructed employees to inform the owners of toilets being used whenever the same were out of order, and that the one at the Gulf Filling Station upon the occasion in question was out of order, and that while he was in Luna's office reporting the condition to him, a deputy sheriff, whose custom it was to oil his gun at said station, at which were sold lubricating oils of a quality used in lubricating fire-arms, was in the act of unloading a shotgun when a shell exploded and buck shot therefrom struck and injured the plaintiff permanently; that he was totally and permanently disabled as a result thereof; that he had worked more than three hundred days during the preceding year in the same employment in which he was working when injured at a daily wage of $3.50 per day, and that appellant carried the compensation insurance of Horton."

Although the defendant presents thirty-seven assignments and twenty-one propositions, we think the material questions are relatively few. Considered together, the cumulative effect of propositions 1, 2, 3, 4, 13 and 14 challenges the sufficiency of plaintiff's petition to state a cause of action, and the sufficiency of the evidence to make out a case for compensation, in that plaintiff failed to show, either by pleading or proof, that at the time of being injured, he was engaged at something having to do with, and originating in, the work, business, trade or profession of his employer; consequently, the court erred in overruling the defendant's general demurrer to plaintiff's petition (proposition 4); erred in overruling defendant's motion for an instructed verdict (proposition 1); erred in entering judgment on the findings of the jury (proposition 2); and erred in overruling its motion for a new trial (propositions 3, 13 and 14).

Numerous cases of more or less pertinency are cited in the briefs, but the case that, in our opinion, is directly in point and controlling, is the decision of the El Paso Court on the former appeal. The case made on the last trial, substantially, is the same as made on the first; the questions presented to the El Paso Court, in substance, were the same as those presented in the group of propositions just mentioned, with reference to which the El Paso Court said:

"Plaintiff in error under four propositions briefs its assignment complaining of the action of the court in refusing and failing to sustain defendant's general demurrer, in refusing to grant its motion for an instructed verdict, and in refusing to grant its motion for judgment non obstante veredicto. These assignments are predicated upon the theory that at the time plaintiff was injured he was not engaged in some work having to do with and originating in the work, business, trade or profession of his employer; or, in any event, that a question inquiring as to whether he was so engaged at the time should have been submitted directly to the jury. We think these assignments are lacking in merit. Under the undisputed evidence Boyd was the employee of Horton and when he resorted of necessity to the toilet operated by the Gulf Filling Station, he was working in the course of his employment. He suspended the particular work of necessity during his short absence from the premises. He reported at the office of his employer that he was going to the Gulf Filling Station, having previously sought to use a toilet located upon the Humble property and finding the enclosure surrounding it closed and locked. He did not engage in any undertaking personal to himself other than as noted and to take a drink of water before leaving the Gulf Station. This undisputed testimony together with the evidence upon which the jury's findings were based, all of which was in conformity with plaintiff's pleadings, constitute a sufficient answer to the contentions of plaintiff in error under the propositions mentioned."

It is our opinion that the decision of the El Paso Court settled the material questions involved, that is, as to the sufficiency of plaintiff's petition to state a cause of action under the Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq., and the sufficiency of the evidence adduced thereunder, to make out a case. However, the case was reversed and remanded because the trial court failed to submit unconditionally the issues of partial incapacity, temporary total incapacity, and permanent partial incapacity. Not satisfied with the judgment of the Court of Civil Appeals, the defendant made an application to the Supreme Court for a writ of error, obviously because of the holdings of the Court of Civil Appeals, to the effect that, plaintiff's petition stated a good cause of action and that the evidence showed, at the time of the injury, he was engaged in some work having to do with and originating in the work, business, trade or profession of his employer; defendant's contention being that, on the pleadings and facts, the Court of Civil Appeals should have reversed and rendered judgment in favor of the defendant (see p. 29, defendant's brief).

The Supreme Court denied the application, thus affirming the correctness of the judgment of the Court of Civil Appeals, which, in our opinion, consistently could not have been done if the Supreme Court had been of the opinion that either the pleadings or the evidence failed to show that plaintiff received the injury complained of, in the course of his employment. It follows therefore, that under an approved applicable doctrine, the pronouncement of the El Paso Court becomes the law of the case; hence the propositions under consideration and their related assignments are overruled. See 3 Tex. Jur. pp. 1338, 1339, § 939.

We also think propositions 5, 6, 7, 8, 9, 10, 11 and 12 should be grouped and considered together. They challenge the correctness of issues 1 to 9, defendant's contention being that the issues, by requiring evidentiary findings, unduly emphasize the facts inquired about, and, in effect, were upon the weight of the evidence.

These issues required the jury to find from a preponderance of the evidence, (1) whether the employes of Hal Horton, for several years prior to plaintiff's injury, had been using the toilet room of the Gulf Filling Station in Greenville, Texas, for their convenience in attending to calls of nature; (2) if answered in the affirmative, whether such use of the toilet was within the knowledge, acquiescence and consent of Hal Horton (the employer); (3) whether plaintiff, while working for Hal Horton, had been using the toilet in question for a long period of time prior to his injury; (4)

whether Hal Horton had instructed his employes, including plaintiff, in the event the toilet got out of repair, to report such fact to the proprietor of the toilet room; (5) whether on the occasion in question, and just before plaintiff received his injury, he had used the toilet in question; (6) if answered in the affirmative, to find whether, after using the toilet, plaintiff went into the filling station to report to the proprietor of the station that the toilet was out of repair and needed attention; (7) if answered in the affirmative, to find whether, while plaintiff was in the station for the purpose mentioned, he was injured by the discharge of a gun in the hands of a person in the station; (8) to find whether the injury suffered by plaintiff arose out of the work or business of his employer (as that term was correctly defined); and (9) whether plaintiff's injury arose in the course of and in the furtherance of his employer's business (as the clause "in the course of employment" was correctly defined). The jury answered each and all of these questions in the affirmative.

Defendant's position, with reference to the propositions under discussion, is stated in its brief, as follows: "The contention under the above propositions is to the effect that the court has unduly emphasized the contention of the plaintiff and has led the jury to believe that the plaintiff would be within the course of his employment provided that it believed plaintiff and other employees had been using the Gulf Station toilet with the knowledge, acquiescence and consent of Hal Horton over a period of years. The issues further lead the jury to speculate as to what might be a risk or hazard ordinarily or reasonably inherent or incidental to the conduct of Hal Horton's business and leaves the jury to further speculate as to whether or not the plaintiff in fulfilling his duties was doing something incidental to his employment without regard to the terms and provisions of the Workmen's Compensation Act."

■ We recognize the correctness of the rule that only ultimate fact issues should be submitted, and that it is improper to split up into several parts and submit separately the different elements of the main issue; but, for a violation of the rule to constitute reversible error, it must appear that harm resulted. On the first trial, only a group of evidentiary fact issues, constituting the ultimate issue, were submitted; whereas, on the last trial, in addition to these evidentiary issues, the ultimate fact issue was also submitted in issues 8 and 9. We do not think harm resulted from the submission, because, as stated by the El Paso Court, "Under the undisputed evidence Boyd was the employee of Horton and when he resorted of necessity to the toilet operated by the Gulf Filling Station, he was working in the course of his employment." The over-emphasis of undisputed facts (if over-emphasized) was not prejudicial. It is only where the evidence is conflicting that it is improper to comment upon its weight, or over-emphasize any particular facts. We, therefore, overrule the group of propositions under consideration and their related assignments of error.

■ The point presented by the defendant in propositions 15, 16 and 17 is that, the court erred in not sustaining defendant's motion for an instructed verdict, and in not granting a new trial, because the finding of the jury, to the effect that plaintiff had suffered permanent total disability, was so against the overwhelming preponderance of the evidence as to indicate passion, prejudice, or some other improper motive on the part of the jury.

We do not think so. While the evidence is somewhat conflicting, we think it preponderates decidedly in favor of the finding of the jury, which we adopt as our conclusion on the issue involved, therefore overrule the propositions and related assignments.

■ In its 18th proposition and related assignment, the defendant complains of the refusal of the court to grant a new trial on the ground that the finding of the jury in favor of a lump sum settlement was so contrary to the weight of the evidence as to indicate passion or prejudice on the part of the jury.

This contention is overruled, because, in our opinion, the evidence preponderates in favor of the finding of the jury, which we also adopt as our conclusion of fact on the issue involved.

■ The court submitted issue 15, reading: "Do you find from a preponderance of the evidence that plaintiff has been or will be partially incapacitated, as that term is hereinafter defined for you? Answer: 'Plaintiff is partially incapacitated,' or 'Plaintiff is not partially incapacitated.' As you may find. Answer: Plaintiff is

not partially incapacitated. By 'partial incapacity to labor' is meant that one is able to perform only a part of regular ordinary work and that his earning capacity has been reduced partially but substantially."

In propositions 19 and 20, the contention is made that the issue as submitted was prejudicial, in that it placed the burden of proof upon the defendant.

We do not agree with the contention of the defendant that the charge is prejudicial, therefore overrule the propositions and their related assignments. See Wright v. Traders, etc., Co., 132 Tex. 172, 123 S. W.2d 314; United Employers', etc., Co. v. Burk, Tex.Civ.App., 140 S.W.2d 571; National Indemnity Underwriters v. Blevins, Tex.Civ.App., 129 S.W.2d 734; and Southern Underwriters v. Stubblefield, Tex.Civ.App., 130 S.W.2d 385.

Disentangling the question from its wrapper of verbiage, seemingly the defendant makes the point, in proposition 21, that the court committed reversible error, after calling to the attention of the jury their failure to answer a material issue (No. 15), in orally directing them to return to their room and answer the unanswered issue; the contention of the defendant is that the instruction should have been given in writing.

Judge Speer, in his work on Special Issues, § 401, p. 533, after quoting Article 2207, R.C.S., reading: "If the verdict is informal or defective, the court may direct it to be reformed at the bar. If not responsive to the issue submitted, the court shall call their attention thereto and send them back for further deliberation.", said: "Under the statute just quoted, if it should appear that there were conflicting findings in the answers, it would be the duty of the court to send the jury back for further deliberations to the end that such conflict be eliminated. This, however, is itself a species of defect within the statute. The action of the court in directing the reformation of an informal or defective verdict, or the return of the jury for further deliberation, where the same is not responsive to the issue submitted, is not apparently required to be in writing, for neither of these is the giving of an additional instruction within the statute requiring the charge to be in writing. Clearly the implication of the statute is that it may be oral. Precisely as the return of the jury for continued deliberations, where they have been unable to agree, may be oral."

The failure of the jury to answer one of several material issues submitted rendered the verdict defective, and, in its incomplete form, was not entirely responsive to the issues submitted; hence, we are of opinion that the court's oral instruction to the jury, to return to their room and answer the unanswered interrogatory, was an unobjectionable procedure.

After duly considering all propositions and assignments urged for reversal, and failing to find reversible error, the judgment of the trial court is affirmed.

Affirmed.