MID–CONTINENT PIPE LINE COMPANY, Petitioner,

v.

Felix COURINGTON and State Industrial Commission, Respondents.

No. 37320.

Supreme Court of Oklahoma.

March 19, 1957.

R. H. Wills, J. P. Greve, Ben Hatcher, Walter B. Hall, Tulsa, for petitioner.

T. F. Dukes, George Briggs, Hominy, Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON, Justice.

On June 22, 1954, Felix Courington, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by the Mid-Continent Pipe Line Company, hereinafter called petitioner, he sustained an accidental injury arising out of and in the course of employment on March 26, 1954. The State Industrial Commission entered an award on the 14th day of November, 1955, which in part is as follows:

"That claimant sustained an accidental personal injury arising out of and in the course of his hazardous employment with the above named respondent on March 26, 1954, consisting of an injury to his head, chest, leg and back.

"That at the time of said injury claimant's wages were sufficient to fix his rate of compensation at $28.00 per week; that as a result of said injury claimant was temporarily totally disabled from the date of injury up to August 1, 1954, claimant being paid his salary up to June 11, 1954, and that claimant is entitled to compensation for temporary total disability from June 11, 1954, up to August 1, 1954, less five days, in the amount of 7 weeks and 2 days, in the sum of $205.34; together with all reasonable and necessary medical expenses incurred for treatment of said injury.

"That by reason of said injury to his head, chest, leg and back claimant has sustained 60% permanent partial disability to his body as a whole for which he is entitled to compensation for 300 weeks at $28.00 per week or a total sum of $8,400.00."

This proceeding is brought by the petitioner, carrying its own risk, to review the award.

Claimant testified that he was employed by petitioner on January 18, 1939, and remained with it until June 11, 1954, and that he was a field gauger. When asked what his duties were, he stated:

"A. Well, there are a lot of duties; testing crude oil for quality and quantity, and all the leases that we are connected or hauling by tank, and in the district assigned to you, you kept the oil out of the producer's way, and scouted wells for new connections and all of the pumping equipment, you serviced it. I mean by that, all minor repairs in the service to the company, you kept that up, and even cutting the weeds and grass around the units, wherever they were located. These units, I had about eighteen units in my district."

He further testified that he had a certain district or area of work, but that this district was changed from time to time; that for some purposes the districts of field gaugers overlapped; that his district consisted of an area five miles south of

Hominy, twelve miles west of Hominy and seven miles east of Hominy; that it was his duty to report to the office at Hominy at the close of the day's work; that he was driving west on Highway 20 three and one-half miles east of Hominy at approximately 5:10 p.m. on March 26, 1954, when he lost control of the company truck; that at the time he was on his way to report to the office at Hominy to end his day's work.

The extent of disability is not presented as an issue in this proceeding. It is first argued that the State Industrial Commission erred in granting an award for the reason that the accidental injury occurred by reason of intoxication of claimant. 85 O.S.1951 § 11 provides in part as follows:

"Every employer subject to the provisions of this Act shall pay, or provide as required by this Act, compensation according to the schedules of this article for the disability or death of his employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of his employment, without regard to fault as a cause of such injury, and in the event of disability only, except where the injury is occasioned by the willful intention of the injured employee to bring about injury to himself or of another, or where the injury results directly from the willful failure of the injured employee to use a guard or protection against accident furnished for his use pursuant to any statute or by order of the State Labor Commissioner, or results directly from the intoxication of the injured employee while on duty; * * *."

Two witnesses testified on the question of intoxication. The first witness stated that he was pushed from behind by the claimant at a point approximately eighteen miles east of Hominy, that claimant pushed him a second time, reaching a speed of seventy miles per hour; that after being pushed the second time he forced his car to a stop and got out of his car and went back to claimant's truck; that the witness got back in his car and claimant again pushed him to a speed of between eighty to eighty-five miles per hour; that he then gave a sign that he was turning off to the right and claimant went by him on the left.

A second witness testified that a few moments before claimant's truck left the road he saw claimant weaving on the highway; that directly thereafter the truck left the road, and witness went back to the wreck.

Both witnesses testified that they smelled neither whiskey nor beer on claimant's breath. Claimant testified that he had not been drinking and had neither had a drink of whiskey nor beer. A nurse at the hospital where claimant was taken immediately testified that she smelled no intoxicating liquor. 85 O.S.1951 § 27, presumes that claimant was not injured solely by reason of intoxication. The burden was on the petitioner to overcome this presumption. Claimant specifically denies that he had any such encounter with the witness in his motor vehicle eighteen miles east of Hominy as described by the witness. Claimant admits bumping the vehicle of the witness, but states that he did so thinking the witness was an employee of petitioner; that when he discovered his mistake he made some remarks to cover his embarrassment and desisted. The conflict in the testimony, considering the presumption raised by the statute above referred to, was purely a question for the State Industrial Commission. The State Industrial Commission was warranted in finding that the accidental injury was not caused solely by intoxication.

It is further argued that just prior to the time of the accidental injury, claimant was entirely outside of his district and was not engaged in any duty for his employer. The testimony is in irreconcilable conflict on this issue. Claimant explains his being outside of the territorial limits of his district above

described by stating that he had gone to check a well for the purpose of later connecting the well to the lines of petitioner. At the time of the accidental injury claimant was well within his district. The district foreman for petitioner stated that it was the custom and the duty of claimant to report to his office at the end of the day. Claimant testified that he was on his way to the office for the purpose of doing the things required to end his day's employment. This is not a case where the record discloses claimant was engaged in some personal journey of his own. See White v. Arrow Drilling Co., Okl. 288 P.2d 754. Petitioner offers no reason why claimant was on this particular road or in this territory with the company truck, while claimant explains he was checking a well for his company as above stated. In Standish Pipe Line Co. v. Johnson, 197 Okl. 238, 169 P.2d 1018, we said:

> " 'The question of whether an injury arose out of and in the course of employment is one of fact to be determined by the Industrial Commission under the circumstances of each particular case, and, where there is any testimony reasonably tending to support its finding, it will not be disturbed on an application to vacate the award.' "

There is competent evidence reasonably tending to support the finding of the State Industrial Commission that the accidental injury arose out of and in the course of the employment. In this connection petitioner cites Hebert v. Boston & M. R. R., 90 N.H. 324, 8 A.2d 744; In re Gustav Shaefer Co. (Boyle v. Wells), 6 Cir., 103 F.2d 237; Pantazis v. Dallas Ry. & Terminal Co., Tex.Civ.App., 162 S.W.2d 1018; and National Labor Relations Board v. Union Pacific Stages, Inc., 9 Cir., 99 F.2d 153. A casual reading of these cases will disclose that they are not in point. In the case under consideration we find claimant injured in his territory before he had reported to the place where he ended his employment.

■ In another proposition petitioner argues that the finding of the State Industrial Commission as above set out is vague and indefinite, and under the doctrine announced by this court in Kelley v. Roger Givens Wholesale Millwork, Okl., 281 P.2d 944; Morris v. State Industrial Commission, Okl., 268 P.2d 895; and other cases, it is the duty of this court to remand the case to the State Industrial Commission for a more specific finding. We do not agree. The State Industrial Commission found that the accidental injury arose out of and in the course of the employment. The only other point raised is that it was the duty of the State Industrial Commission to find either that claimant was or was not intoxicated. We held to the contrary in Shell Oil Co. v. State Industrial Commission, Okl., 279 P.2d 316. See, also, Indian Territory Illuminating Oil Co. v. Crow, 147 Okl. 229, 296 P. 451.

The only remaining proposition of petitioner is conceded. Claimant never returned to work for petitioner. He was paid his regular salary during the time he was not at work and prior to his discharge. Petitioner claims, and claimant admits, that there should be a credit of $905.91 on the amount allowed for the temporary disability occasioned by the accidental injury. The State Industrial Commission is authorized and directed to credit the sum of $905.91 as a credit on the award as computed.

The award as so modified is sustained.

WELCH, C. J., and DAVISON, HALLEY, WILLIAMS, BLACKBIRD, JACKSON, and CARLILE, JJ., concur.