**EMPLOYERS' CASUALTY CO. v. SCHEF-FLER et al. (No. 3283.)**

Court of Civil Appeals of Texas. Amarillo. Oct. 9, 1929.

Jas. P. Swift, of Dallas, and Underwood, Johnson, Dooley & Simpson, Vance Huff, and Rip E. Underwood, all of Amarillo, for appellant.

Otto Studer, S. D. Stennis, and John Studer, all of Pampa, and Don L. Wakeman, of Woodward, Okl., for appellees.

HALL, C. J. While the appellee Scheffler was employed by the Rine Drilling Company in Carson county, he sustained injuries to his left arm below the elbow. He filed his claim with the Industrial Accident Board, claiming compensation for injuries to his arm. By the award of the board, entered on the 13th day of September, 1928, appellee was adjudged to recover from appellant compensation at the rate of $20 per week until and unless the amount awarded should be ordered changed, modified, or terminated by a subsequent agreement between the parties or by a subsequent award made by the board within 200 weeks from and after February 1, 1928.

The appellant herein appealed from the award. It is stipulated that all the prerequisites necessary to give the district court jurisdiction have been complied with by the parties. There was a trial to a jury in the district court upon special issues, resulting in a judgment in favor of appellee in the sum of $8,020, less a credit of $360 theretofore paid, the amount awarded to be paid in installments of $20 weekly.

The first contention to be considered is that the court erred in overruling the appellant's plea to the jurisdiction. The ground of this complaint is that in his claim before the board, and in his original answer and cross-action filed in the district court, the appellee sought to recover by reason of the injuries to his left arm, praying for judgment at the rate of $20 per week for 200 weeks, less the amounts already paid. On February 25, 1929, the appellee filed his first amended original answer and cross-action, wherein he claimed compensation upon the ground that his injuries resulted in total and permanent disability.

By a plea in abatement duly filed, the appellant company insisted that, because the claim filed with the Accident Board was for injuries to a specific member, and such claim was asserted in appellee's original answer and cross-action, he could not, by an amendment, change his cause of action and sue for damages resulting from permanent and total disability, since no such ground was asserted before the Accident Board. In the claim filed before the board, there is this statement: "Said arm continually pains applicant to the degree that he is not able to sleep at night. Said arm runs temperature and then at times it becomes numb and cold." He testified, in substance, that he could not use his left arm and hand, nor hold anything with it, because he had no strength in that member; that his arm had pained him ever since the doctor operated upon it, and at times it was hot and feverish and again it was cold; that he could not use his left arm in dressing himself; that the arm was swollen some, and there were kernels in the forearm and arm pit; that his arm was gradually getting worse, and ached and throbbed, and kept him awake practically the greater part of every night; that he had not done any work since the accident on account of the pain and condition of his arm; that the pains have extended into his shoulder and down to his hip, making him very weak and nervous.

We overrule this contention, and think it is settled by what is said in Standard Accident Insurance Co. v. Williams (Tex. Com. App.) 14 S.W.(2d) 1015, 1016, where Judge Speer announces the rule in the following language:. "If an injury to a specific member does not stop with the injury to or loss of that member, but for any reason continues as an injury affecting the body to such extent as to result in permanent or partial total disability, a recovery may be had therefor, even exceeding the statutory compensation for the complete loss of that member. In such a case, the injury is general and not confined to the specific member." Ætna Life Ins. Co. v. Bulgier et al. (Tex. Civ. App.) 19 S.W.(2d) 821.

There is some testimony tending to show that his arm was infected at the point where it was injured, and that the incapacity was the result, in a measure, of such infection. The appellee did not allege that the injury was to his forearm. The allegation simply is that his arm and hand were injured. It is true that the testimony shows that the iron rod struck his arm below the elbow, but the pleading was not subject to the exceptions urged. In Lumbermen's Reciprocal Ass'n v. Pollard (Tex. Com. App.) 10 S.W.(2d) 982, it is held that an injury below the elbow is considered an injury to the hand, while an injury above the elbow is considered an injury to the arm, and it is said that our statute impliedly recognizes this distinction in the provision providing payment for the loss of an arm at or above the elbow. This is a matter which could not have been reached by an exception, in the absence of a more specific allegation showing the part of the arm which had been injured. For the reasons stated in discussing the first proposition urged, the court did not err in refusing to direct a verdict for the appellant.

By the seventh and eighth propositions, it is insisted that the court erred in not defining the term "total permanent incapacity," as used in special issue No. 4. It has been held in Bishop v. Millers' Indemnity Underwriters (Tex. Civ. App.) 254 S. W. 411, that it is not such a legal or technical term as is required to be defined by the court. The

court did not err in refusing appellant's special issue No. 4, inquiring whether appellee, as a result of the injury, had wholly and permanently lost the use of his left forearm and hand, because that issue was submitted in the general charge.

■ The fourth special issue is as follows: "Did the injuries, if any, that were received on or about February 21, 1928, by the claimant, C. L. Scheffler, result in total permanent incapacity on his part to perform work or labor? Answer this question yes or no." We think this is error, in that it submits the issue of total incapacity and that of permanent incapacity in the same issue, and requires the jury to answer yes or no to the duplicitous issue as stated. Bagley v. Pollock (Tex. Civ. App.) 19 S.W.(2d) 193. No objection to the charge was urged, however, upon this ground. The vice in this portion of the charge results from the explanation following this issue, which is as follows: "With reference to this question, you are instructed that the incapacity referred to means such as would disable the claimant Scheffler from performing the usual tasks of a workman in such a way as to procure and retain employment." As held in the Bishop Case, supra, it was not necessary for the court to define either total or permanent incapacity, but having given the explanation just quoted, which relates to total incapacity, in all probability led the jury to believe that a finding of total incapacity was tantamount to a finding of permanent incapacity. The charge unduly emphasized the issue of total incapacity and ignored the other.

■ In order to relieve the situation, the appellant requested the court to give the following instruction: "You are instructed in connection with the court's special issue No. 4, that the term 'permanent' therein used means a state of incapacity, if any, that will remain the same without improvement throughout life." This instruction was refused, and constitutes reversible error.

■ The next contention is that the court erred in not defining or explaining what was meant by "course of his employment." The Bishop Case, supra, is authority for holding that this is not error, because "course of employment" is not such a legal or technical term as necessitates a definition or explanation. The uncontradicted testimony shows that the appellee was working with one of the appliances provided by appellant for his use, and the inference is that through some defect in the appliance he was injured. The effect of this testimony is to show that he was injured during the course of his employment.

By the thirteenth and fifteenth propositions, it is contended that the evidence is not sufficient to serve as a basis for computing the average weekly wage of appellee during the year preceding the month of February, 1928. We have carefully reviewed the testimony

with regard to this issue, and think it is sufficient.

■ The appellant requested the court to inquire of the jury whether the infection which set up in appellee's left arm resulted from neglect and improper care and treatment, if any, on appellee's part. The issue was given, but was not answered by the jury.

Appellee alleged that he received a wound while working for the Rine Company in drilling a well, and that his blood and the nerves of his arm had been poisoned by reason of the infection, weakening him generally, and causing him to lose weight and strength, resulting in disability to exert himself in the performance of any manual labor. He further alleged that the glands in and under his left arm were swollen and painful at times, resulting in the general incapacity alleged. The appellant did not allege that the infection was due to the negligence of the claimant, or was in any way caused by him. Dr. Wild testified as an expert that appellee was suffering from blood poison or infection; that infection could enter the system by opening a wound in the fleshy tissue, or by the use of unclean methods in dressing the wound. Dr. Brunow testified to the same effect. The record is barren of any evidence which tends to charge appellee with contributing to his injury, even if contributory negligence were a defense to this action. We think the issue was immaterial, and under the circumstances no error is shown.

The jury's answer in the negative to the issue inquiring whether appellee's contract required him to labor on Sunday disposes of the seventeenth proposition.

■ Complaint is made of the argument of appellee's counsel to the jury. The remarks are set forth at length in the record, but suffice it to say that the greater part of what was said was retaliatory, and in response to previous argument made by appellant's counsel. However, in the course of his remarks, appellee's counsel told the jury what the result of their answers to certain issues would be. This is error. Counsel should avoid telling or indicating to the jury what the effect of their finding upon any issue will have upon the rights of either party to the suit.

■ A further contention is that the jury has been guilty of misconduct, in that during their deliberations, prior to the rendition of the verdict, they indulged in improper comment and discussion with reference to certain issues. During the discussion, one of the jurors stated that he had once suffered with blood poison or infection and had experienced its injurious effect. One of the jurors, introduced as a witness, testified that the foreman was the first juror who stated that appellee's compensation would stop if he was ever able to go back to work, and that such statement influenced him in answering issue No. 4. He further stated that it was discussed general-

ly, and that several of the jurors were influenced in answering said issue. One witness stated that, in discussing the matter, they recalled that, during the argument by one of the attorneys, he stated that if Scheffler should regain absolute control of himself or of his faculties, and should regain full use of his left arm, compensation would cease, and that the insurance company had power to make physical examinations to determine his ability to work. The misconduct of the jury in the particulars mentioned constitutes error.

For the reasons stated, the judgment is reversed, and the cause is remanded.