EL PASO ELECTRIC COMPANY V. JACK CANNON.

No. 6769. Decided January 6, 1937.
Rehearing overruled February 10, 1937.
(99 S. W., 2d Series, 907.)

*Brown & Brooke,* of El Paso, *Baker, Botts, Andrews & Wharton,* of Houston, for plaintiff in error.

Where the evidence showed that one of the jurors made certain statements to the jury regarding his experience with injuries received by him and that he was for a large verdict, such statement showed misconduct on the part of the jury, and a verdict based thereon should be set aside and a new trial granted. Texas & Pac. Ry. Co. v. Van Zandt, 44 S. W. (2d) 950; Hines v. Parry (Com. App.), 238 S. W., 886; J. H. Steele Co. v. Dover, 170 S. W., 809.

*John T. Hill* and *H. A. Van Tassel,* both of El Paso, for defendant in error.

The communication of the juror, having been made after the jury had determined all of the material issues except the measure of damages, it could affect no other issue than the amount of damages, and as no one was influenced thereby it was not prejudicial to the defendant, and being general knowledge was not new testimony. Houston & T. C. Ry. Co. v. Gray, 105 Texas, 42, 143 S. W., 606; Stockwell v. Snyder, 51 S. W. (2d) 813; Monkey Grip Rubber Co. v. Walton, 122 Texas, 185, 53 S. W. (2d) 770.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This is an action instituted by Jack Cannon against the El Paso Electric Company to recover damages for personal injuries. The case was submitted to the jury on the general issue, resulting in a verdict for Cannon in the sum of $3333.00. Judgment was rendered accordingly and the judgment has been affirmed by the Court of Civil Appeals. 69 S. W. (2d) 532.

The writ of error was granted on assignments contained in the application which complain of the action of the trial court in refusing the company a new trial because of a certain declaration made by the juror, Grambley, to his fellow jurors, while the jury were considering of their verdict. Said declaration and the circumstances in which it was made are substantially as follows:

On the trial of the case, the testimony showed without dispute that the injuries of which Cannon complained, consisted of a number of cuts and slashes about his face and body, including a stab or slash that entered the cavity and made a

deep gash in Cannon's liver. The doctor who treated the wounds testified that all the wounds healed within a few weeks after the occurrence, and that in his opinion Cannon would suffer no future discomfort or pain on account of said wounds. Cannon testified to his continually suffering pain because of his injuries, up to the time the case was tried. After the jury had retired and were considering of their verdict, and after they had determined the fact of the company's liability, and while they were considering the amount of damages, the juror Grambley made the declaration to his fellow jurors to the effect that he believed that Cannon continued to suffer pain as Cannon had testified, for the reason that he, Grambley, had lost a leg in a railroad accident many years before, and although the wound healed, he, Grambley, had continually suffered pain ever since because of the amputation of his leg.

The company contends that the declaration of Grambley as to the loss of his leg, and as to the after effects of its amputation, affords ground for new trial under the provisions of Article 2234 of the statutes. The making of such declaration certainly amounts to the giving of new testimony, within the meaning of the statute. The declaration bore directly upon the fact issue which the jury were considering at the time. Although it would not have been admissible as evidence upon the trial of the case, it was "material" within the meaning of the statute. It was more than a mere opinion of the juror respecting a matter of common knowledge. It was the statement by said juror of a fact as being within his knowledge derived from his personal experience. As regards the provisions of the statute, the substance and effect of said statement is not distinguished from those involved in Lincoln v. Stone (Com. App.), 59 S. W. (2d) 100. In holding that the juror's statements or declarations in that case constituted the receiving of new testimony by the jury during their deliberations, Judge Sharp, speaking for this section of the Commission, said:

"The rule is now settled that, where it appears that the jury has been guilty of misconduct in receiving new testimony, that upon a consideration of the whole testimony introduced before the trial court it is reasonably doubtful whether or not the new testimony received affected the decision of the jury upon any material issue, it is the duty of the trial court to grant a new trial; if in such case a new trial is not granted by the trial court then it is the duty of the appellate court to set aside the judgment rendered."

Grambley wore an artificial leg, and the fact that he made the declaration to the jury, in substance as stated, is undisputed. The question at issue, and upon which the declaration bore, was a closely drawn issue in the case. On one side was the testimony of the doctor; on the other side was the testimony of Cannon. The situation was such that this Court does not feel justified in saying that, beyond all reasonable doubt, the declaration of said juror did not affect the decision of the fact issue raised by the above testimony. This being the case, it becomes our duty to reverse the trial court's judgment.

The assignment presenting the error discussed is sustained. All other assignments contained in the application are overruled.

The judgment of the trial court and that of the Court of Civil Appeals are reversed, and the cause is remanded.

Opinion adopted by the Supreme Court January 6, 1937.

Rehearing overruled February 10, 1937.