SPROLES MOTOR FREIGHT LINES, INCORPORATED ET AL.
V. G. B. LONG, NEXT FRIEND.

No. 7997. Decided February 3, 1943.
Rehearing overruled March 3, 1943.
(168 S. W., 2d Series, 642.)

*Pitts & Liles,* of Conroe, *Hill and Paddock,* of Fort Worth, for petitioners.

It was error for the Court of Civil Appeals to hold that the refusal of the trial court to grant a new trial on account of misconduct of jury was not reversible error. LeMaster v. Fort Worth Transit Co., 160 S. W. (2d) 224; Germann v. Kaufman, 155 S. W. (2d) 969; Texas Employers Ins. Assn. v. Horn, 75 S. W. (2d) 301.

*W. C. McLain, A. A. Turner* and *O. Etheridge,* all of Conroe, for respondents.

The matter of misconduct of jury was not harmful nor prejudicial to petitioners, and for that reason the Court of Civil Appeals committed no error in affirming the judgment of the lower court. Hinds v. Parry, 238 S. W. 886; Lincoln v. Stone, 59 S. W. 100; El Paso v. Cannon, 99 S. W. (2d) 907.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This suit was filed in the District Court of Montgomery County, Texas, by Georgia Long, a minor, suing by and through her father, as her next friend, against Sproles Motor Freight Lines, a corporation, hereinafter called Sproles and Roy Rogers, to recover damages resulting from personal injuries alleged to have been received by Georgia Long, as a result of a certain negligent acts of defendants. Trial in the district court resulted in a verdict and judgment for the plaintiff in the sum of $9,000.00. This judgment was affirmed by the Court of Civil Appeals. As authorized by Rule 452, the Court of Civil Appeals ordered that its opinion be not published.

It appears that Miss Long, a minor, was seriously injured in Montgomery County, Texas, when an automobile in which she was riding collided with the rear end of a truck owned by Sproles and operated by Rogers as its servant and employee. It appears that Rogers, the driver, stopped the truck in the nighttime on a paved portion of the highway along which it was traveling. While the truck was so stopped the car in which Miss Long was riding, but which she was not driving, was propelled into and collided with the rear end of the truck. The car in which Miss Long was riding was traveling along the right-hand side of the paved highway in the direction in which the truck was headed. The truck was stopped on the right side of the highway and on the paved portion thereof. The jury convicted the defendants of negligence in allowing the truck to stand upon the paved portion of the highway on the occasion of this accident. The jury also found proximate cause and damages in the sum of $9,000.00. The jury found against the defendants on all defensive issues submitted by the court. We will not detail the evidence. It is sufficient to say that it was conflicting on both offensive and defensive issues. The damages were, in their very nature, unliquidated.

In their motion for a new trial defendants charged that the jury was guilty of misconduct in certain particulars while deliberating on its verdict. The trial court heard evidence on the motion, and at the close of the evidence thereon overruled it. At the request of the defendants, the trial court filed conclusions of fact and law as follows:

"1.

"That the question of doctor bills and hospital bills incurred in behalf of Georgia Long before she reaches the age of twenty-one years was mentioned, but was not considered by the jury in arriving at its verdict.

"2.

"That the question of attorneys' fees was mentioned in the jury room, but the same was promptly stopped by the foreman, who admonished the jury that same could not be considered, and following which no further reference was made thereto and no discussion had, and neither was same considered by the jury in arriving at its verdict.

"3.

"That the question of insurance was mentioned but same was not discussed nor considered by the jury in arriving at its verdict and the amount of damages assessed.

"CONCLUSIONS OF LAW.

"I further find and conclude as a matter of law, from the testimony given by the twelve jurors who sat in the case that an affirmative showing was made that the mere mention of attorneys' fees, insurance, and doctor bills and hospital bills incurred in behalf of the said Georgia Long before she becomes twenty-one years of age was not harmful nor prejudicial to the defendants' rights."

An examination of the above fact finding will disclose that the trial court expressly found jury misconduct in three instances or particulars. In this regard the trial court found, in effect, that the jury was guilty of misconduct in that the members thereof mentioned: (a) Doctor bills and hospital bills incurred on behalf of Miss Long before she reaches the age of twenty-one years; (b) the question of attorneys' fees to be paid out of this recovery; and (c) the question of insurance.

We have read the entire statement of facts touching the matter of misconduct of the jury, and it amply supports the fact findings of the trial court. Simply stated, the fact findings of the trial court, considered in the light of the testimony heard on the question of misconduct, show that while the jury was deliberating on its verdict and before it had agreed on the amount of damages to be awarded to Miss Long, different members of the jury mentioned in the presence and hearing of other members thereof, each of the things or matters found by the trial court, supra. Each juror testified that such matters did not influence his verdict. We will discuss this matter later.

■ This case was tried before the effective date of our present Texas Rules of Civil Procedure. The law regarding jury misconduct as it existed prior to the adoption of such rules must therefore here be applied. We deem it advisable, however, to call attention to present Rule 327 governing the question of jury misconduct.

At the time this case was tried, it was the settled law of this State that where jury misconduct was shown, the verdict had to be set aside if there was a reasonable doubt in the minds of the members of the reviewing court as to whether or not such misconduct affected the verdict adversely to the complaining party. Texas Milk Products Co. v. Birtcher et al, 138 Texas 178, 157 S. W. (2d) 633; Casstevens v. Texas & P. Ry. Co., 119 Texas 456, 32 S. W. (2d) 637, 73 A. L. R. 89; Texas & N. O. Ry. Co. v. Parry (Com. App.), 12 S. W. (2d) 997; Bradshaw v. Abrams (Com. App.), 24 S. W. (2d) 372; Walker v. Quannah A. & P. Ry. Co. (Com. App.), 58 S. W. (2d) 4; Taylor v. General Exchange Ins. Corp., 128 Texas 118, 96 S. W. (2d) 70; Republic Ins. Co. v. Hale, 128 Texas 616, 99 S. W. (2d) 909. The authorities supporting the above rule could be greatly extended, but the ones cited are sufficient.

■ The trial court allowed each juror to testify that the matters of misconduct above detailed did not affect his verdict. This character of testimony is utterly without force or effect one way or the other in passing on the questions of jury misconduct. Texas Milk Products Co. v. Birtcher, supra; Taylor v. General Exchange Ins. Corp., supra; Republic Ins. Co. v. Hale, supra. It is never permissible to allow a juror to either

preserve or destroy his verdict by testifying to the mental process by which he reached the same. Bradley v. Texas & P. Ry. Co. (Com. App.), 1 S. W. (2d) 861. This rule is not altered in the least by new Rule 327.

■ It is contended that since the trial court found that in this instance the misconduct of the jury consisted merely in the mentioning of the matters of doctor bills, hospital bills, attorney fees and insurance, and not any discussion of any of such matters, no sufficient misconduct is shown to call for reversal of this case. We are aware of the fact that it has been held that the mere mention by a juror of something improper, such as attorney fees, followed by a prompt rebuke from another juror, and nothing more, will not call for reversal for misconduct. Bradley v. Texas & P. Ry. Co., supra. We find no fault with this rule, when the record justifies its application. In this case the findings of the trial court show that only one of the several acts of misconduct, the mention of attorney's fees, was rebuked. In this connection, the findings show that the mention of attorneys' fees "was promptly stopped by the foreman, who admonished the jury that same could not be considered, and following which no further reference was made thereto and no discussion had, * *." There is no finding that any of the other acts of misconduct were rebuked, or that any admonition was given in regard thereto.

There is another rule which, when considered with the general rule regarding jury misconduct as already announced, must result in the reversal of this case. It has been held by this Court that where the record shows a number of instances of improper argument, no one instance being sufficient to call for a reversal, yet all the instances taken together may do so. Smerke v. Office Equipment Co., 138 Texas 236, 158 S. W. (2d) 302. Misconduct of the jury ought to be governed by the same rule. In this case, even if it could be said that the mere mention by a member of the jury of any one of the things found by the trial court would not call for a reversal of this judgment, still we cannot say beyond a reasonable doubt that all the acts of misconduct taken together did not improperly influence the jury.

A number of other errors are assigned in the application for the writ. These touch matters that will probably not occur on another trial. We therefore pretermit any discussion thereof.

For the error touching misconduct of the jury, the judgments of the Court of Civil Appeals and the district court are both reversed, and this cause is remanded to the district court for a new trial.

Opinion delivered February 3, 1943.

Rehearing overruled March 3, 1943.