### INGLETT v. COMMERCIAL STANDARD INS. CO.

#### No. 2361.

Court of Civil Appeals of Texas. Eastland.

April 30, 1943.

Levie Old, of Brownwood, for appellant.

Todd, Crowley & Gambill, of Fort Worth, for appellee.

GRISSOM, Justice.

Z. V. Inglett instituted this suit against the Commercial Standard Insurance Company seeking recovery under the Workmen's Compensation Law, Vernon's Ann. Civ.St. art. 8306 et seq., for total and permanent disability which he alleged was caused by an accidental injury sustained by him on the 28th day of October, 1941, while he was engaged in the course of his employment by the Austin Mill and Grain Company. The jury found that Inglett suffered total disability for a period of 37 weeks and an incapacity of 40% for 10 weeks. Judgment was rendered accordingly. Plaintiff has appealed.

The sole question for decision is whether the trial court erred in overruling plaintiff's motion for new trial, based on misconduct of the jury. Two jurors testified on the hearing of the motion for new trial. One of the jurors, Mr. Earp, testified "If Mr. Bury told the juror Morgan or anybody else that the wife of the witness Lowery was a daughter of the plaintiff, Z. V. Inglett, I did not hear it. I did not hear any juror at any time, whether in the court room or in the jury room, say anything about Lowery's wife being kin to the plaintiff in any way. If anything was said about it, I didn't hear it." Earp's further testimony was immaterial. Another juror, Mr. Morgan, testified in substance that while the witness Guy Lowery was testifying for plaintiff a juror, Mr. Bury, whispered to him that "he would like for one of the attorneys to ask the witness Lowery if he was related to Inglett in any way"; that Mr. Bury pointed out Lowery's wife, sitting in the audience in the court room, and "Mr. Bury asked me if I didn't think she favored Inglett, the plaintiff." Morgan further testified that he did not actually know that was Lowery's wife; that the lady pointed out showed some resemblance to Inglett; that their complexions appeared

to be alike, and "their eyes appeared to resemble"; that he heard Mr. Bury make the statement to another juror before he talked to Morgan. Mr. Morgan testified that he heard Mr. Bury "asking a man behind me if he didn't think the witness Lowery's wife and Mr. Inglett were related and made about the same statement that he later made to me." Mr. Morgan said that when they retired to the jury room he did not know whether the lady pointed out was related to plaintiff or not, that he could not say that he was interested in whether she was so related. The juror Bury was present but did not testify on the motion for new trial.

 As we understand plaintiff's contention, it is that such statements by the juror Bury, made while Lowery was testifying, constitute misconduct of the jury and caused said two jurors to whom Bury whispered to discredit the testimony of Lowery. That plaintiff was thereby injured, in that a verdict for a smaller amount was returned because of Bury's statements. The only material testimony given by Lowery tended to show that Inglett sustained an injury in the course of his employment by Austin Mill and Grain Company on October 28, 1941. Lowery's testimony did not tend to show the extent or duration of plaintiff's incapacity. His testimony was merely to the effect that he and plaintiff had been working in the mill near each other; that prior to October 28, 1941, Inglett appeared to be able to lift sacks of shorts and flour without difficulty; that on said date he couldn't; that Lowery helped him and that Inglett told Lowery he had hurt his back.

The jury found (1) that plaintiff sustained an accidental injury on October 28, 1941; (2) that said injury was sustained as a result of lifting a one-hundred pound sack of shorts; and (3) that said injury was sustained in the course of his employment by Austin Mill and Grain Company. The jury found in favor of the plaintiff on every issue with reference to which Lowery testified. Therefore, it is evident Bury's actions did not have the effect of discrediting Lowery's testimony to plaintiff's injury.

This case was tried after Texas Rules of Civil Procedure, rule No. 327 became effective. Under said rule, where material misconduct of the jury is shown a new trial is required "if it reasonably appears from the evidence both on the hearing of the motion and the trial of the case and from the record as a whole that injury probably resulted to the complaining party." The old rule that when material misconduct of the jury has been shown a new trial must be granted, unless it is shown beyond a reasonable doubt that injury did not result to the complaining party, has been supplanted by this rule, which requires that when material misconduct has been shown the complaining party must go further and also show probable injury. Barrington v. Duncan, Tex. Sup., 169 S.W.2d 462; Sproles Motor Freight Lines, Inc., v. Long, Tex.Sup., 168 S.W.2d 642. It is evident plaintiff has failed to show probable injury by the alleged misconduct.

The judgment is affirmed.

For concurring opinion of FUNDERBURK, J., see 172 S.W.2d 987.