**Z. V. INGLETT, Appellant, v. COMMERCIAL STANDARD INSURANCE CO., Appellee.**

**No. 2361.**

Court of Civil Appeals of Texas. Eastland.

April 30, 1943.

Concurring opinion.

For original opinion, see 171 S.W.2d 914.

FUNDERBURK, Justice (concurring).

The writer is of opinion that no material misconduct of jurors was shown. The alleged misconduct is not material because it was not of such nature as, under the circumstances, was reasonably calculated to prejudice the rights of the appellant. Not being reasonably calculated to prejudice his rights, there is no ground for a presumption that it did so. In the absence of any such presumption it naturally is not made to appear to this court that the action of the court below in overruling the motion for new trial was not the proper action.

It is, however, with the keenest regret that I am in no position to challenge the correctness of the opinion by Judge Grissom in the respect in which it is based upon, and follows, the decisions in Barrington v. Duncan, Tex.Sup., 169 S.W.2d 462, and Sproles Motor Freight Lines v. Long, Tex.Sup., 168 S.W.2d 642. These decisions hold that a change in the law from what it formerly was has been effected by Rules of Civil Procedure Texas, rule 327, which change is approved and given effect. The change is to make the correctness of the action of a county or district court in passing upon particular grounds of a motion for new trial dependent upon whether or not "it reasonably appears from the evidence both on the hearing *of the motion and the trial of the case and from the record as a whole* that injury *probably* resulted to the complaining party." (Italics ours.)

In the year 1912 the Supreme Court, exercising all the power it now has or under the Constitution could have, established Rule 62a for the government of courts of civil appeals. 149 S.W. x. It provided that "No judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause *and probably did cause* the rendition of an improper judgment in the case, or was such as *probably prevented* the appellant from making a proper presentation of the case to the appellate court", etc. (Italics ours.) From the publication of this rule, there followed a period in the judicial history of our state of which, in my considered opinion, no citizen of Texas has any just cause to be proud. It is no exaggeration to say that almost every character of assignment of error ever presented to the courts of civil appeals was at one time or another by some court 62a'ed, which is to say some asserted valuable right was concluded by the mere opinion of judges not required to encompass more than a mere probability. It was naturally soon recognized that Rule 62a, as R.C.P. 327 is now held to do, abolished the presumption of injury from erroneous rulings of a trial court. Millers' Indemnity Underwriters v. Schrieber, Tex.Civ.App., 240 S.W. 963, 969; Wells Fargo & Co. v. Benjamin, Tex.Civ.App., 165 S.W. 120, 121; McCaskill v. Clay, Tex.Civ.App., 284 S.W. 643, 649. How like the language in the above recent opinions is that of Wells Fargo & Co. v. Benjamin, supra [165 S.W. 126], as follows: "An elaborate written argument has been presented in which are cited numerous decisions holding in effect that when an error has been committed in the course of the trial, either in the admission or exclusion of evidence, or in giving instructions to the jury, injury will

be presumed unless the contrary clearly appears. *That this has heretofore been the rule in this state is not denied."* (Italics ours.) Nor, of course, could it be denied with such declarations outstanding as, for example, that of Chief Justice Gaines in Missouri, K. & T. R. Co. v. Hannig, 91 Tex. 347, 348, 43 S.W. 508, 509, as follows: "The true rule is that in such a case, in order to hold that the error does not require reversal of the judgment, it ought clearly to appear that no injury could have resulted from the admission of the evidence. Since it does not so appear with reference to the testimony in question, the judgment must be set aside, and a new trial awarded."

The period following the establishment of Rule 62a may not inappropriately be called the rule of discretion era. Like all attempts to substitute man-rule for the rule of law, it did not work out with either justice or consistency. In the course of time the rule became more or less discredited and generally ignored. Then came the great decision in Bell v. Blackwell, Tex.Com.App., 283 S.W. 765. In that case the court of civil appeals, 273 S.W. 866, without saying so, had 62a'ed an assignment based upon improper argument. Judge Speer's opinion, although not mentioning Rule 62a, denied its operation as placing the burden upon the appealing party to show harmful effect of a material error. Not only that, but as evidencing the inconsistency above mentioned, he cited decisions right along which had refused to recognize that 62a had had any such effect. Said he [283 S.W. 767], "These authorities are decisive against the contention that to authorize a reversal on account of error, there must be a finding of prejudice. On the contrary, they firmly establish the rule to be that, unless it affirmatively appears no prejudice resulted, or that there was no reasonable doubt of the harmless effect of the error, a reversal must follow. The two rules being compared are entirely inconsistent. They are the very opposite of each other. Of course we are considering only material errors in any event." This decision was time and again approved by the Supreme Court. Thereafter, no court, without conflict therewith, could say that Rule 62a was an answer to any assignment presenting material error, not clearly and affirmatively shown to have been rendered harmless.

Now the above two late decisions have very obviously, and without saying so, overruled Bell v. Blackwell, supra, and the numerous decisions following it. Old Rule 62a, to the extent above quoted, has, without change, been made parts of two new rules, now R.C.P. 434 and 503. These rules are not mentioned in either of said opinions, possibly for the reason that it is recognized that they can add nothing to Rule 327 as interpreted in said decisions. The question suggests itself: If Rule 62a was no obstacle to the decision in Bell v. Blackwell, why should R.C.P. 327 now be given the necessary effect of invalidating the decision in Bell v. Blackwell?

It is to be observed that Rule 327 applies to county courts and district courts—trial courts. Rule 434 applies to courts of civil appeals, and Rule 503 (being the same) applies to the Supreme Court. A comparison of Rule 327 with Rules 434 and 503 (the last two considered as one) shows the following differences:

| Rule 327 | Rules 434 and 503 |
|---|---|
| 1. Applies only to rulings on motions for new trial | 1. Applies to all rulings constituting alleged errors of law. |
| 2. Applies only to four particular grounds of a motion for new trial. | 2. Not limited to any particular kind of errors of law. |
| 3. Opinion of court to be based upon (1) evidence on hearing of motion, (2) evidence on trial of case, and (3) from the record as a whole. | 3. Basis of opinion not stated. |

It would not be true, of course, to say that these differences are in no respects material. It is true, however, that such differences are in many respects immaterial. There is, at least, this difference: Under Rule 327 the basis of the opinion is prescribed and limited to (1) the evidence on the hearing of the motion for new trial, (2) the evidence on the trial, and (3) the record as a whole. Under Rules 434 and 503, the basis of the opinion is not prescribed and may, therefore, so far as the law forbids, be based upon such considerations as race, occupation, manner of life, beliefs, or a

prejudice against red hair of the appellant. In short, the opinion may be entirely arbitrary, capricious, with no test for determining whether it is or not.

But such differences, in my opinion, do not make Rule 327, as it is interpreted, valid. The most that can be said is that it is somewhat less objectionable than the others. Under Rule 327 the evidence upon the hearing of a motion for new trial considered alone may not be determinative of the court's action. Such evidence considered alone may require that the motion for new trial be granted. But the court may consider all the evidence introduced upon the trial of the case. When that evidence was being produced, the issue presented by the motion for new trial was not in existence. The appellant may naturally have failed to object to objectionable evidence because not deemed prejudicial upon any of the issues then being tried. On the hearing of the motion for new trial, such evidence may be very prejudicial. Yet the court may overrule the motion for new trial upon such evidence as the deciding factor. Thus will the rights of appellant be precluded by inadmissible evidence to which, it truly may be said, he has never had opportunity to make objection. Is that due process of law in a government of laws?

Then further, the opinion which is to determine whether the motion for new trial is to be granted or overruled, need not be supported by any positive finding of fact. It needs no more substantial foundation than a probability. The life savings of a man may be involved in an unrighteous judgment against him resulting solely from misconduct of the jury. Yet there may be no tangible evidence that the verdict was, or was not affected by such conduct. Excluding any presumption that it was, there may be no evidence that such misconduct probably affected the verdict. The Rule in such a state of the case warrants the court in refusing a new trial. Thus the rights of the litigant are concluded by what is truly but a mere speculation or guess in which it seems to me one man's guess is as good as another's. The real situation of the party is in principle no different from one, who, being charged with crime, must, under a law so providing, prove his innocence, and in the absence of such proof, probably nonexistent, must suffer the penalty of the law.

My greatest regret springs from what I know, and our judicial history has proved, must be the practical working of the rule. In Barrington v. Duncan, supra [169 S.W.2d 464], it is said: "When misconduct is established, the question of injury is one of law for the reviewing court." That sounds well enough; but practically and concretely applied, what does it mean? It means that the trial judge's opinion as to the existence or nonexistence of a *probability*, is a question of law, and upon appeal the court of civil appeals, or the Supreme Court, is determining the same question of law. I am unable to see any question of law invoked in the ordinary sense of the term. Practically, it works out as a method of determining legal rights by guess, and the guess of the highest court determining the final judgment. There will be no consistency in the decisions, no guiding rule or principle of law, as our recent history of the operation of Rule 62a most assuredly forecasts.