Earnest A. GOLDEN, Appellant,

v.

The BALLARD COMPANY, Appellee.

No. C14–82–363CV.

Court of Appeals of Texas,
Houston (14th Dist.).

June 21, 1983.

E.J. Wohlt, Jr., Wohlt & Associates, Houston, for appellant.

William D. Perkins, Porter & Duran, Lufkin, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

JUNELL, Justice.

This is an appeal from a judgment for appellee The Ballard Company, for property damages incurred when its building was struck by a car driven by appellant Earnest A. Golden. The jury returned a verdict in favor of appellee in the amount of $17,-683.75. We reverse and remand because of jury misconduct.

There was evidence at trial showing that appellant suffered a sudden and unexpected blackout while driving home. Appellant testified that he was not drowsy and had experienced no problems driving on the

date in question. There was also testimony that appellant was taking prescription drugs on the day of the accident and had not been told by his physician to avoid driving. The case was submitted to the jury for findings on negligence, proximate cause and damages. In a ten-to-two verdict, the jury found that appellant was negligent in the operation of his motor vehicle and awarded damages to appellee. Appellant timely filed his motion for new trial on the ground of jury misconduct.

The testimony at the hearing on the motion can be summarized as follows: The jurors were having difficulty during the first afternoon of deliberations in reaching a decision on whether or not appellant was negligent. Three or four votes were taken. On the last vote taken that afternoon, the jurors were split six to five with one undecided on the negligence issue. One juror recalled the split being in favor of the appellant. Another remembered it being in favor of appellee. This state of the jury deliberations was reported to the trial judge at 6:05 p.m. At that time the following colloquy occurred:

THE COURT: Okay, would any further deliberations tonight be of any help?

THE FOREMAN: It has changed some in the last thirty minutes.

THE COURT: Well, we can deliberate further tonight or we can come back in the morning and let everyone sleep on it. What do you want to do?

THE FOREMAN: I don't feel like that sleeping on it is going to change any of our attitudes on it. Most people are pretty well set in what they think about it right now.

THE COURT: I've heard that before. Why don't we sleep on it overnight, and come back, say, at 9:00 in the morning and deliberate some more on it. Remember what I told you about talking about the case, don't talk to anyone about it. Let's sleep on it and I'll see you back in the morning.

Then the jury deliberations were recessed and the jurors excused until the next morning. Upon reconvening the next morning, several jurors made statements regarding their conclusions of negligence based upon personal calculations and observations which they had made during the evening recess. More specifically, Juror Glenn Darnell and an unidentified male juror made conclusory statements concerning appellant's negligence which were based upon their reading a Texas Driver's Manual and a college math textbook containing tables and calculations for braking distances of automobiles. Juror Darnell reported to the jury that his reading of the driver's manual and the calculations he made therefrom reinforced his previous conviction that appellant was negligent. There was uncontradicted testimony that the other juror who had studied his college math book and reported his conclusions therefrom had said appellant was not negligent the preceding day and changed his vote after reporting his math book study. Juror Ralph Miller, who had previously voted against finding appellant negligent, admitted stating to the jury that he was changing his vote because of what he had seen when he drove by the scene of the accident the previous evening. Additionally, an unidentified female juror looked at appellant's medical records admitted in evidence and stated to the jury that she had once experienced drowsiness from taking the same drug and was reluctant to drive when she was on that medication. No admonishment was given by any juror when these statements were made. The jury reached its verdict within approximately thirty minutes following these revelations. Appellant brings fifteen points of error charging that the trial court abused its discretion in finding that none of the statements or their cumulative effect constituted material misconduct.

Under Tex.R.Civ.P. 327 the party seeking a new trial on the basis of jury misconduct must establish not only that the alleged misconduct occurred, but also that it was material misconduct, and that based on the record as a whole, the misconduct probably resulted in harm to the complaining party. *Strange v. Treasure City*, 608 S.W.2d 604 (Tex.1980); *Fountain v. Fergu-*

*son,* 441 S.W.2d 506 (Tex.1969). Whether the alleged misconduct occurred is a question of fact; and if there is conflicting evidence on this issue, the finding of the trial court is binding on appellate review. *Strange,* 608 S.W.2d at 606. If, however, the evidence of misconduct is not conflicting, a reviewing court is not bound by a finding of the trial court which is contrary to conclusive evidence. *Strange; Roming v. McDonald,* 514 S.W.2d 129 (Tex.Civ.App. —El Paso 1974, writ ref'd n.r.e.). The reception of any evidence by the jury outside of that produced at the trial is grounds for setting aside the verdict and granting a new trial whenever there is sufficient ground to believe that one of the parties has been prejudiced thereby. *Western Cottonoil Co. v. Arnold,* 279 S.W.2d 374 (Tex. Civ.App.—Eastland 1955, no writ). Statements of jurors as to personal experiences constitute unsworn testimony, and if pertinent to a disputed issue can be such misconduct as will require a new trial. *Martin v. Shell Oil Co.,* 262 S.W.2d 564 (Tex.Civ.App. —El Paso 1953, no writ).

■ We hold that appellant met his burden by bringing forward uncontroverted testimony of each overt act of misconduct. *Strange,* 608 S.W.2d at 606. Juror Miller demonstrated the harm resulting from his own misconduct when he changed his vote after reporting to the jury observations made by him at the accident scene. *See, St. Louis S. W. Ry. Co. v. Gregory,* 387 S.W.2d 27, 32 (Tex.1965). Also, the unidentified juror who studied his college math book changed his vote on the negligence of appellant after reading his book and so advising the jury.

Furthermore, the cumulative effect of all of these overt acts strengthens our view that injury to appellant probably resulted. *See Sproles Motor Freight Lines v. Long,* 140 Tex. 494, 168 S.W.2d 642, 645 (1943); *Rodman Supply Co. v. Jones,* 370 S.W.2d 951 (Tex.Civ.App.—Amarillo 1963, no writ).

We therefore hold that the record clearly shows evidence of material misconduct which probably resulted in injury to the appellant. The judgment of the trial court is reversed and the cause is remanded for new trial.